*M. Jenkinson*, for the appellant.

------

Burtch *v.* The State, on the Relation of Richardville.

Suit against the sureties of an administrator, on a bond given by him on an application to sell real estate, to recover the proceeds of the land sold. Answer: that the administrator, in his lifetime, fully paid and accounted for all of said moneys, except the sum of $892, which the defendant as his surety had since paid in full. Reply: that after the payment of said alleged balance by the surety, a further accounting took place in the

Nov. Term, 1861.

BURTCH
v.
THE STATE.

Saturday,
December 14.

Court of Common Pleas, in the matter of said estate, and by the judgment of said Court said administrator was found in arrears, over and above said supposed balance, in the sum of $1,125.

*Held*, that the reply was a departure, as the money therein sought to be recovered was not shown to have been of the proceeds of the real estate sold, for which only the surety was liable.

APPEAL from the *Knox* Circuit Court.

WORDEN, J.—This was a suit by the State, upon the relation of *Richardville*, as administrator *de bonis non* of the estate of *Charles A. Marachall*, deceased, against *Burtch*. One *Alvin W. Tracy* was appointed administrator of the estate of *Marachall*, and procured an order from the proper court to sell certain real estate, and the defendant *Burtch* became his surety on the bond required to be given for the faithful accounting for the proceeds of such sale. *Tracy* having died, and the relator having been appointed as such administrator *de bonis non*, this suit was brought on the bond thus executed by *Tracy*, with *Burtch* as surety, alleging that *Tracy* sold a large amount of land and received the purchase money therefor, for which he failed to account, &c.

The defendant pleaded, among other things, that *Tracy*, in his lifetime, fully administered, paid and accounted for all the moneys which came to his hands from the sale of said lands, except the sum of $892.31, which the said defendant and *Nicholas Smith*, (a co-surety,) after the death of *Tracy*, fully paid and satisfied to the plaintiff.

To this answer the plaintiff replied, that after accounting for $892.31, and the payment thereof, as in the answer alleged; a further accounting took place in the Court of Common Pleas of *Knox* county, &c. on *January* 12, 1854, in the matter of the administration of the estate of said *Marachall*, and by the judgment of said Court thereon the said *Tracy*, as administrator as aforesaid, was found in arrear, and over and above said sum of $892.31, the further sum of $1,125, for which said last mentioned sum this suit is instituted.

The plaintiff moved to reject this replication, but his motion being overruled, he demurred thereto, but the demurrer was also overruled and exception taken. Trial by the Court; finding and judgment for the plaintiff for $1,860.75.

Nov. Term,
1861.

The ruling of the Court in refusing to reject the replication, and in overruling the demurrer thereto, are assigned for error.

The objection to the replication is, that it departs from the ground of action stated in the complaint. We think the objection was well taken. The plaintiff could only recover for money received by *Tracy* on the sale of land. That is all that is secured by the bond executed by *Burtch*. The replication does not specify from what source the $1,125 came. The language of the reply would by no means limit the claim to money received for lands, but would admit of proof of the sum named being found in arrear from any other source. Indeed, the replication admits, because it does not deny, that the moneys received by *Tracy* on the sale of the land have been accounted for, as alleged in the answer, but sets up a right to recover the $1,125 found due upon a general accounting. This is not only a departure, but an attempt to hold *Burtch* upon a claim for which he did not make himself responsible.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*John Baker*, for the appellant.

*Samuel Judah*, for the appellee.