Garrott, &c., v. Ratliff.    Same v. Williams.

CASE 56—PETITIONS ORDINARY—NOVEMBER 17.

# Garrott, &c., v. Ratliff.
## Same v. Williams.

APPEALS FROM CHRISTIAN CIRCUIT COURT.

1. BILLS OF EXCEPTIONS.—A positive or direct statement in a bill of exceptions that it contains all the evidence, or all the instructions given and refused, is not essential to make the bill complete. When it appears from the bill that instructions were given by the court of its own motion, or for the plaintiff and then for the defendant, or at the instance of the one party or the other, and then instructions by the court, the bill, so far as the instructions are concerned, will be regarded as complete, unless it appears upon the face of the record that other instructions were given or refused. So, if the bill shows that the plaintiff introduced his testimony, and then the defendant introduced his testimony, or examined the following witnesses, the presumption is that the bill contains all the evidence.

2. SAME.—Where the instructions are not excepted to, it is immaterial whether or not they are in the bill of exceptions, as the only question to be considered is the sufficiency of the evidence to support the verdict.

3. CERTIFICATE OF JUDGE.—The signing by the judge at the foot of the bill of exceptions is in substance certifying that it contains all the evidence, or that the bill of exceptions is true, whichever it may be proper for him to certify, as provided by section 339 of the Code.

4. AFFIDAVITS TO CONTROVERT BILL.—The truth of what the judge certifies in the bill of exceptions as to his own rulings and exceptions taken during the progress of the trial can not be controverted by affidavits.

5. WHERE THE INSTRUCTIONS ARE NOT INCORPORATED IN THE ORIGINAL BILL OF EXCEPTIONS, but the clerk is directed to "here insert," and does so in making out the transcript, the instructions thus inserted will be considered as if originally embodied in the bill, unless the appellee comes with an affidavit that they are not the instructions directed to be inserted.

6. RATIFICATION OF FORGERY.—Where one's name has been signed to a note as surety without his authority, a subsequent promise to pay the note is not binding.

7. UNDER A PLEA OF NON EST FACTUM, the obligors in a note can not, upon the ground that they were sureties, require the plaintiff to show that their names were signed by their *written* authority.

Garrott, &c.. v. Ratliff.   Same v. Williams.

A. DUVALL FOR APPELLANTS.

1. The clerk having inserted the instructions in transcribing the bill of exceptions, pursuant to the direction "here insert," the bill is thereby made complete. (Meaux v. Meaux, &c., 5 Ky. Law Rep., 550.)

2. The statement of the judge in the bill of exceptions as to his own rulings can not be controverted by affidavits.

3. The bill of exceptions was properly certified. (Civil Code, section 335, subsection 2; *Ibid.*, section 339.)

4. Section 337 of the Code does not apply to a motion for either a peremptory instruction, or for an instruction as in case of non-suit. (Loving v. Warren County, 14 Bush, 316; Coffman v. Wilson, 2 Met., 542; Halloran's Adm'r v. L., C. & L. R. R. Co., MS. Op., Sept. 22, 1883, 5 Ky. Law Rep., 245; Addison v. Crow, 5 Dana, 271.)

5. The court will presume that the instructions appearing in the bill were all the instructions given or refused, in the absence of some fact in the record indicating that there were additional instructions. (Merriwether v. Tucker, MS. Op., Oct. 25, 1881; Smith v. Commonwealth, 1 Duvall, 224; Mickey v. Commonwealth, 9 Bush.)

6. A mere recognition or admission by the defendants of the genuineness of the notes is not sufficient to bind them. (Warren v. Fant's Trustee, 79 Ky., 2.)

W. LINDSAY AND JOHN FELAND ON SAME SIDE.

W. P. D. BUSH FOR APPELLEES.

1. As the instructions were not embodied in or identified by the bill of exceptions, they can not be considered. (Forest v. Crenshaw, 4 Ky. Law Rep., 596; City of Columbus v. Duffy, *Ibid.*, 830; Barclay v. Smallhouse, *Ibid.*, 894; Cooper v. Cooper, *Ibid.*, 900.)

2. As instruction No. 2 was not excepted to when given, any supposed error in giving it is unavailing in this court. (Kennedy v. Cunningham, 2 Met., 540; Letton v. Young, 2 Met., 564; Russell v. Marks, 3 Met., 41; Tudor v. Lewis, 3 Met., 381; Cox v. Winston, 3 Met., 577; Civil Code, section 334.)

3. The circuit judge must "certify that the bill of exceptions is true," in order to make it valid. (Civil Code, section 339.)

4. The affidavits *controverting* and *maintaining* the truth of the bill of exceptions establish the fact that exceptions to the giving and refusing of instructions were not taken *at the time*, and, therefore, such exceptions are untruly inserted in the bill, and are unavailing.

5. There can be no reversal for an error in giving or refusing instructions, unless the bill of exceptions shows affirmatively that it includes "all instructions given and refused." (Civil Code, subsection 2 of section 337; City of Columbus v. Duffy, 4 Ky. Law

Rep., 830; Dulaney v. Nunnery, 5 Ky. Law Rep., 314; Harvey v.
Payne, 2 Met., 452; Heydon v. Lockhart, 1 Bibb, 308; Taylor v.
Chaplin, 3 Mar., 492; Jones v. Williams, 4 Mon., 42; Cravins.
v. Grant, 4 Mon., 126; Huffaker & Shy v. National Bank of Mon-
ticello, 13 Bush; Gray v. Campbell, 5 Ky. Law Rep., 510; Turner·
v. Hagan, 3 Ky. Law Rep., 255; Flood v. Pragoff, 79 Ky., 607;
L. & N. R. R. Co. v. Brown, 3 Ky. Law Rep., 82; Criminal Code·
of 1854, section 335; Criminal Code of 1877, section 341; Clem
v. Commonwealth, 3 Met., 10; Jane v. Commonwealth, 3 Met., 18;
Smith v. Commonwealth, 1 Duvall, 224; Mickey v. Commonwealth,
9 Bush, 593.)

6. Such an instruction as that complained of in this case has been:
   approved by this court. (Forsythe v. Banta, 5 Bush, 547.)

CAMPBELL & GAITHER and PETREE & LITTELL on same:
SIDE.

1. One may become bound on a note by admitting or recognizing his·
   forged signature thereto as genuine. (Forsythe v. Banta, 5 Bush,
   547.)

2. A surety can not rely upon the fact that his name was signed with-
   out his *written* authority unless he pleads his suretyship. (Pome-
   roy on Remedies and Remedial Rights, pages 677, 681, and 703—
   705.)

3. The bill of exceptions should show that exceptions to instructions·
   were taken at the time the instructions were given. (Civil Code,.
   section 334; Kennedy & Bro. v. Cunningham, 2 Met., 538.)

JUDGE PRYOR delivered the opinion of the court.

A positive or direct statement in a bill of excep-
tions that it contains all the evidence, or all the
instructions given and refused, is not essential to
make the bill complete. When an appeal is prose-
cuted to this court upon an issue of fact, and the
law applicable to that issue, and a reversal is asked
because the verdict is not sustained by the evidence,
it is the duty of the trial court to give a statement
in detail of all the evidence in the case, and each
and every instruction given or refused where excep-
tions have been taken to the instructions. If there·
is no exception to any of the instructions, it is im-

material whether they are in the bill or not, as, in such a case, the only question presented to this court for consideration will be: "Is there any evidence to support the verdict?" If the objection to the judgment below is not to the want of evidence to support the verdict or judgment, but to the admission or rejection of testimony, as provided by section 335, Civil Code, the material facts must be stated in the bill that the evidence conduced to establish. The presumption will be indulged by this court in favor of the truth of the bill of exceptions, and when it appears from the bill that instructions were given by the court of its own motion, or for the plaintiff and then for the defendant, or at the instance of the one party or the other, and then instructions by the court, the bill, so far as the instructions are concerned, will be regarded as complete, unless it appears upon the face of the record that other instructions were given or refused; and so of the evidence, the bill showing that the plaintiff introduced his testimony, or the following testimony, and then the defendant introduced his testimony, or examined the following witnesses, the presumption is that the bill contains all the evidence.

The purpose of the appeal is to reverse the judgment of the trial court by reason of an error committed to the prejudice of the party appealing, and the judge signing the bill of exceptions, in order that his own rulings may be tested, and also to protect the rights of the litigants, must be presumed to have embodied in the bill all the evidence and all the instructions in every case where it is necessary

that all the evidence or all the instructions should be before this court, in order that the action of the court below may be affirmed or reversed.

This court has no right to say, upon reading a record containing a bill of exceptions, that the court below has failed to certify a complete bill, unless it so appears upon the face of the record.

Section 339 provides: "In cases in which, by sub-section 2 of section 335, the evidence is required to be stated in full, the judge shall certify in the bill of exceptions that it contains all the evidence. In all other cases he shall certify that the bill of exceptions is true."

The signing by the judge in either case at the foot of the bill is, in substance, certifying that it contains all the evidence, or that the bill of exceptions is true.

The judge below, and the counsel for each litigant, look to the preparation of the bill of exceptions with a view of presenting the exceptions in a proper form to this court, and when coming here with the signature of the judge, and nothing to show an omission from the record of a part of the evidence, or a part of the instructions (when all should be embodied in the bill), the bill will be regarded as in compliance with the provisions of the Code.

Under the former practice cases can be found where bills of exceptions have been excluded on extremely technical grounds by adhering to the very letter of the Code, when the court, too, upon an inspection of the record, must have been satisfied that the bill was complete. These decisions pro-

ceeded upon the idea that it must affirmatively appear that the bill contained all the evidence, or all the instructions, when the signature of the trial court, where the record failed to show any omission of the evidence or instructions, was all that should have been required. The bill of exceptions in this case appearing to be complete, there is no reason for disregarding it.

In this case it appears from the bill that when giving instruction No. 2 by the court on its own motion, *the defendants excepted*, and when refusing to give instruction No. 6 *the defendants excepted*.

Affidavits of counsel appear in the record, showing that these exceptions were not taken as they appear in the bill, and were not reserved until after the trial. These affidavits will not be considered as destroying the verity of the record when certified by the court below to be proper. The truth of what the judge states or certifies as the bill of evidence may be controverted by the affidavits of by-standers in the form of a bill of evidence; but when he certifies as to his own rulings and exceptions taken during the progress of the trial, we know of no practice that authorizes his statement, or the verity of the record as made up, to be assailed either by by-standers or the affidavits of parties interested in the litigation.

This action was instituted on two promissory notes, to which the defendants pleaded *non est factum*. The court at the close of the testimony said, in substance, to the jury, that although the defendants did not sign the notes, yet if, after they were signed

or put in circulation, they recognized the notes as genuine, they are liable. This was erroneous. The defense asked the court to instruct' the jury that if the names of the defendants were signed to the notes sued on by some other person without written authority, they must find for the defendants, and no subsequent ratification will be binding unless in writing, &c.

We find no pleading in the record by the defendants presenting such an issue, and therefore the instruction was properly refused.

The only issue in the case is, did these appellants sign their names to the paper? Are the signatures genuine? Their signatures, if not genuine, were placed to the paper without authority, and in such a case a subsequent promise to pay the note would not be binding. If these defendants, or either of them, had induced the obligors or their assignees to part with their money, or purchase the notes upon their statement that their signatures were genuine, it would present another and different question.

The original bill of evidence has been brought to this court, showing that, in making out the bill, the words "here insert the instructions" are found in the bill, and when made out, the clerk, following the directions of the court, inserted the instructions that are embodied in the bill in this court, with the signature of the judge annexed. This was the proper way of making out the bill, and when counsel attempt to show a failure of the clerk to identify the instructions when making up the record, they must come with an affidavit showing that the instructions

found in the bill were not those given or refused. (Meaux v. Meaux, 81 Ky., 475.)

For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

83  391
85  405

83  391
89  238

83  391
113  178

CASE 57—PETITION EQUITY—NOVEMBER 19.