No. 14,559.

## MICHAEL v. ALLBRIGHT.

PRINCIPAL AND SURETY.—*Co-Sureties.*—*Action for Contribution.*—*Trial by Jury.*—An action by a surety against a co-surety for contribution is properly triable by jury. It is not such a cause of action as would have been, prior to the 18th day of June, 1852, of exclusive equitable jurisdiction under the provisions of section 409, R. S. 1881. Allegations in the complaint that some of the sureties were insolvent would not convert the cause of action into one of exclusive equitable cognizance. Courts of law will not only take jurisdiction of an action for contribution, but they will grant full relief, and where one or more of the sureties are insolvent, will divide and apportion the amount among those who are solvent.

From the Steuben Circuit Court.

*J. A. Woodhull* and *W. M. Brown*, for appellant.
*R. W. McBride* and *C. A. O. McClellan*, for appellee.

COFFEY, J.—This was an action by the appellant against the appellee for contribution. The complaint alleges, among other things, that on the 1st day of November, 1884, Enos Michael, Phillip J. Michael, Jacob K. Fox, Jacob E. Michael, and the appellant and the appellee, executed to John A. Thorp their promissory note for the sum of seventeen hundred dollars; that Enos Michael was the principal in said note, and the other makers were sureties thereon; that after said note became due the appellant paid the same, which then amounted to the sum of nineteen hundred dollars; that at the time appellant paid said note the principal, and all the other parties thereto, except the appellant and the appellee, then were, and ever since have been, wholly insolvent, and had not then, nor have they since had, any property subject to execution; that the appellee is indebted to the appellant, by way of contribution, in the sum of one thousand dollars.

Upon issue joined the cause was tried by a jury, resulting in a verdict for the appellee, upon which the court, over a motion for a new trial, rendered judgment.

At the proper time the appellant entered his objection to the trial of the cause by a jury, and prayed that the same might be tried by the court, but the court overruled his objection, and he excepted.

The only questions presented for our consideration relate to the action of the court in submitting the cause to a jury, and in overruling the appellant's motion for a new trial.

The first contention of the appellant is that the cause was one of exclusive equitable jurisdiction, and that by reason of the provisions of section 409, R. S. 1881, it was triable by the court, and not by jury.

Section 409, *supra,* provides that " Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court."

In the case of *Judah* v. *Mieure,* 5 Blackf. 171, it was held by this court that an action for contribution might be maintained in a court of law ; and in the case of *Sanders* v. *Weelburg,* 107 Ind. 266, it was held that such an action was properly triable by jury.

It is conceded by the appellant that if the present suit was an ordinary action for contribution it would not be exclusively within the jurisdiction of a court of equity, but he contends that the allegations in the complaint to the effect that some of the sureties are insolvent gives it the character of a cause of exclusive equitable cognizance.

It can not be successfully disputed that the courts of law have always assumed jurisdiction in actions for contribution, though it has sometimes been held that a plaintiff in an action at law could not recover more than an aliquot part of the whole sum paid in discharge of the debt. But the question as to the extent of the relief granted is not the test as to whether a cause belongs exclusively to a court of equity ; but the question is, will a court of law take jurisdiction ?    If a court of law will take jurisdiction

and grant some relief, then the cause does not belong ex-clusively to the courts of equity.

The better opinion, however, seems to be that courts of law will not only take jurisdiction of the kind of action now before it, but that they will grant full relief, and where one or more of the sureties are insolvent they will divide and apportion the amount paid among those who are solvent. *Henderson* v. *McDuffee*, 5 N. H. 38 ; *Mills* v. *Hyde*, 19 Vt. 59.

Our opinion is that the cause before us was not one of exclusive equitable jurisdiction prior to the 18th day of June, 1852, and that the court did not err in awarding to the appellee a jury trial.

The remaining question in the case relates to the sufficiency of the evidence to sustain the verdict.

The evidence in the cause is quite voluminous, but we have given it a careful examination. While it is not as satisfactory as could be desired, we are not able to say that there is no evidence in the record warranting the conclusion reached by the jury. We can not disturb the verdict on the evidence.

Judgment affirmed.

Filed Nov. 24, 1890.