Filed January 7. 1896.

---

No, 1,784.

## LEWIS v. HODAPP.

ESTOPPEL.—*Promissory Note.—Forgery.—Promise After Maturity to Pay.—Extension of Time.*—An admission by one who knows that his name is on the note, that he is liable thereon, and an agreement by him to stand good for it, made to the holder after its maturity, does not estop him to claim that his name is forged, although the holder extended the time of payment until another maker became insolvent, unless he was induced to make the extension by such admission and agreement.

PRACTICE.—*Sustaining Demurrer to Reply to Answer of Non Est Factum.—Appellate Procedure.*—Sustaining a demurrer to a reply to an answer of *non est factum* to a note in suit, setting up that the note was signed by defendant, or by a third person with full authority from him, is not error, as such facts were put in issue by the answer.

From the Ohio Circuit Court.

*J. B. Coles* and *G. B. Hall*, for appellant.

*R. L. Davis* and *J. L. Davis*, for appellee.

DAVIS, J.—The appellant instituted this action, on a note, against one James Bailey, Jr., and the appellee

Bailey made default. The appellee answered in two paragraphs:

1.   General denial.

2.   *Non est factum.*

The appellant replied to the answer of *non est factum* in two paragraphs. A demurrer was sustained to each paragraph of reply. These rulings are the basis of the only errors assigned in this court.

The substance of the second paragraph of the reply is that the note was signed by the appellee, or by said Bailey with full authority from him.

Ordinarily, a special answer of *non est factum* closes the issues and neither requires nor, strictly speaking, admits of a replication. *Webb* v. *Corbin*, 78 Ind. 403.

The substance of the answer is that the appellee did not execute the note sued on and that his signature thereto was false and forged. Any facts tending to prove that the note was signed by him or by said Bailey with full authority from him were admissible in evidence under the plea of *non est factum.* No new issue was tendered by the second paragraph of the reply. Whether the appellee signed the note or authorized another to sign it for him, was the issue tendered by the plea of *non est factum.* Therefore, in any event, there was no error in sustaining the demurrer to the second paragraph of the reply. *O'Donahue* v. *Creager*, 117 Ind. 372; *Ratliff* v. *Stretch*, 117 Ind. 527; *Mays* v. *Hedges*, 79 Ind. 288.

The theory of the first paragraph of the reply is that appellee was estopped from pleading the defense set up in the answer of *non est factum.* A person whose name has been forged to a note may be estopped by his admission, upon which others may have changed their relations, from pleading the truth of the matter to their detriment. *Henry* v. *Heeb*, 114 Ind. 275.

It is a familiar rule that an estoppel must be specially and strictly pleaded. No intendments are made in favor of a plea of estoppel. . *Troyer* v. *Dyar*, 102 Ind. 396.

The substance of the first paragraph of the reply is that after the maturity of the note the appellant asked the appellee about its payment and that the appellee with full knowledge that his name was on the note admitted his liability thereon and that he would stand good for it, which statements and admissions the appellant believed; that said Bailey then owned property of the value of $1,000.00 subject to execution out of which he could and would have secured the payment of the note and that appellant, without any knowledge that appellee's signature was forged, extended the time of payment, and that said Bailey has absconded and is insolvent.

There is no averment that the note was shown to the appellee or that he admitted that he had signed the note or authorized any one to sign it for him. It does not appear that the appellant changed his relations or invested any money on the strength of the alleged admissions of the appellee. All he claims is that he did not sue upon the note which he would have done had he been advised that appellee's name had been forged thereon. It is true that he avers in general terms that he extended the time of the payment of the note, but for how long is not stated, and neither does it appear that any extension was granted in reliance on the statements of the appellee.

Counsel for appellant say : "To constitute an estoppel by conduct there must be :

"1. A representation or concealment of material facts.

"2.    The representation must have been made with knowledge of the facts.

"3.    The party to whom it was made must have been ignorant of the matter.

"4.    It must have been made with the intention that the other party should act upon it.

"5.    The other party must have been induced to act upon it." *Hosford* v. *Johnson,* 74 Ind 479.

In this case there was no representation of any material fact, and if there was a concealment of a material fact it is not alleged that such concealment was with the intention that the appellant should act upon it or that he was induced to act upon it. The fact that appellant believed the appellee would pay the note is not sufficient to justify the inference that he was induced thereby to extend the time of payment until Bailey became insolvent. If it appeared that appellee concealed the fact that he had not signed the note with the intention that the appellant should extend the time of payment of the note and that such concealment had induced the appellant to so extend the time until Bailey became insolvent, a different question would be presented. In view of the rule that an estoppel must be specially and strictly pleaded and that no intendments are made in favor of such plea, the trial court in our opinion did not err in sustaining the demurrer to the first paragraph of reply.

Judgment affirmed.

Filed January 8, 1896.