## PIERCE, ADMINISTRATOR, *v.* VANSELL ET AL.

[No. 5,189. Filed May 23, 1905.]

1. JUDICIAL SALES.—*Administrator.*—A sale of real estate by an administrator by order of court is a judicial sale. p. 531.
2. REFORMATION OF INSTRUMENTS. — *Administrator's Deed.— Limitation of Actions.*—An action for the reformation of an administrator's report of the sale and deed to real estate is for the recovery of land not sold, and is not an action "for the recovery of real property sold by" an administrator, and such action is not barred by the five-year statute of limitations prescribed in clause 4, §294 Burns 1901, §293 R. S. 1881. p. 532.
3. ESTOPPEL.—*Conduct.—Knowledge.—Decedents' Estates.*—Where an administrator secures an order for the sale of the real estate of his decedent, but by mutual mistake the report of sale and the deed to the grantee sets out a tract of 39 acres, where 12 acres only was intended, and such administrator forecloses a mortgage thereon to secure the unpaid purchase money, without knowing of such mistake, the decedent's estate is not thereby estopped. p. 533.
4. SAME.—*Elements.*—To constitute an estoppel by conduct, there must be: (1) A representation or concealment of material facts, (2) the representation must have been made with knowledge of the facts, (3) the party to whom made must have been ignorant of the truth, (4) it must have been made with the intention that the other party should act upon it, and (5) he must have been induced thereby to act. p. 533.
5. CONTRACTS.—*Marriage.—Consideration.*—A promise by an intended to marry her fiance constitutes a valuable consideration for the conveyance of real estate by him to her. p. 533.
6. SAME.—*Consideration.—Discharge.*—Where an intended contracted to marry her fiance in consideration of his conveyance to her of 95

acres of land, including therein a tract considered as containing 12 acres, she can not claim the whole of such tract, which really contained 39 acres, as against the creditors of a decedent's estate where the administrator and her remote grantor had by mutual mistake included such 39 acres in a deed intended to cover but 12 acres. p. 534.

7. DEEDS.—*Description.*—*Quantity.*—In a deed of real estate the rule is that the monuments first control, then the courses and distances, and lastly the quantity. p. 535.

8. REFORMATION OF INSTRUMENTS.— *Innocent Purchaser.*— *Notice.*— Where it affirmatively appears in her pleading that the purchaser had notice that a tract conveyed to her contained but "12 acres," such purchaser can not complain when the original grantor seeks to recover the excess of "12 acres" contained in the description. p. 535.

9. NOTICE. — *Administrator's Deed.* — *Court Orders.* — An administrator's deed, giving the volume and page of the order of the court directing a sale of real estate, is notice, to all dealing with the title, of the contents of such order and the limitations upon the powers of such administrator. p. 535.

10. SAME.—*Deed Records.*—*Recitals.*—The purchaser of real estate must take notice of the deed records and the recitals in the deeds making up his chain of title. p. 536.

11. DEEDS. — *Description Containing Too Much.* — *Equitable Title.* — The vendee of real estate holds the legal title to lands included by mutual mistake in his deed, subject to the equitable right of the grantor to a reconveyance thereof, or of a reformation of the deed. p. 538.

12. EQUITY. — *Actions.* — *Demurrer.* — *Trial.* — *When Case Must Be Heard Upon the Merits.*—Where the equities of plaintiff's case are very strong the court will determine the rights of the parties only upon a full hearing upon the merits, and not upon demurrer. p. 539.

From Parke Circuit Court; *A. F. White,* Judge.

Action by Isaac N. Pierce, as administrator for the estate of Leander Carithers, deceased, against Rowland Vansell and wife. From a decree for defendants, plaintiff appeals. *Reversed.*

*Howard Maxwell, William A. Keerns* and *Elmer F. Williams,* for appellant.

*McNutt & McNutt,* for appellees.

WILEY, C. J.—Action by appellant to reform a report of sale of real estate of the decedent made by the administrator

to Sarah Vansell, a former wife of appellee Rowland Vansell, and to correct a deed made in execution of said sale. Appellees filed answers in several paragraphs, to all of which, except the first, demurrers were overruled. Appellant refused to plead further after his demurrers to the several paragraphs of answer were overruled, and judgment was rendered against him for costs. These adverse rulings are assigned as errors.

To the end that we may determine the correctness of the rulings on the demurrers to the several paragraphs of answer, it is important to understand the nature of the action as disclosed by appellant's amended complaint. It is therein averred that appellant's decedent died in February, 1884, and that he left no widow, father, mother or children surviving him; that appellant was appointed and qualified as administrator on the 7th day of March following; that in May, 1885, he filed a petition praying for the sale of the real estate owned by the decedent, and that one of the tracts of land to be sold under said proceeding was described as follows: "Beginning at the northeast corner of the southeast quarter of the southeast quarter of section two, township thirteen north, of range eight west, and running thence north to the northeast corner of the southeast quarter of said section two; thence west to the land now owned by Sarah A. Vansell in said southeast quarter of said section two; thence southeastwardly along the northeast line and boundary of said lands of Sarah A. Vansell to the place of beginning—containing twelve acres, more or less." It is then averred that the above description of the real estate embraced and contained thirty-nine acres, instead of twelve acres, more or less, and that appellant was wholly ignorant of said fact; that on the 23d of June, 1885, the court ordered appellant, as administrator, to sell "twelve acres, more or less, embraced in and described by the foregoing description," both the court and the appellant being ignorant at the time of the fact that the above description embraced

thirty-nine acres instead of twelve; that in pursuance of said order he did sell on October 24 following said tract of land, described as being "twelve acres, more or less," to Sarah A. Vansell, for $20 per acre, that being the appraised value thereof; that said sale was reported to and confirmed by the court at a subsequent date, and the court ordered appellant to make a deed to said purchaser for said "twelve acres, more or less." The description of the land sold, as shown by the deed, is substantially the same as above quoted.

It is then averred that both the appellant and said Sarah A. Vansell were ignorant as to the amount of land described in said deed, and both believed the same to describe only "twelve acres, more or less"; that appellant intended to sell to said Sarah A. Vansell, and she intended to buy, only "twelve acres, more or less," of the land described, "which ought to have been, and was intended by said parties to be, described as follows: Beginning at the northeast corner of the southeast quarter of the southeast quarter of section two, township thirteen north, of range eight west, and running thence northwestwardly "to a hickory tree, and thence in the same direction to the half-section line—running east and west—and thence east thirty rods; thence in a southeastwardly direction, a line parallel with the line first above described to the east line of said section two; thence south to the place of beginning—containing twelve acres, more or less"; that, by the mutual mistake and ignorance of the parties to said deed, the description as therein contained was inserted; that said deed containing said description of thirty-nine acres was reported to the court on the 2d day of November, 1885, and was duly confirmed, and that both the court and the appellant were ignorant of the mistake in the description; that said Sarah A. Vansell took possession of the entire tract, and that she and her husband, the appellee Rowland Vansell, continued in possession until her death in May, 1888, and that since her death said Rowland Vansell has ever since had, and now jointly with his co-appellee has,

possession of the same, and they are claiming to own and hold title under said deed to the whole thirty-nine acres, as described therein; that said Sarah A. Vansell at her death left Rowland Vansell as her only heir at law; that appellant did not learn of said mistake in the description of the land as contained in the deed until some five years after making said sale and conveyance; that upon discovering said mistake he called the attention of appellee Rowland Vansell to it, who was claiming to be the owner of said real estate. It is then averred that Rowland Vansell told appellant that if he would have said real estate surveyed, and if it was shown that any mistake had occurred as to the number of acres he would take the residue above "twelve acres, more or less," at $20 per acre; that thereupon appellant caused said real estate to be surveyed, and by said survey said mistake was discovered, but that said appellee Rowland Vansell refused to correct the same, and denied that there was any mistake.

It is further averred that on the 23d day of November, 1890, said Rowland Vansell intermarried with his coappellee, who is now his wife, and that on the 9th day of September, 1892, he conveyed all of his real estate to his coappellee, who then and there had notice of said mistake in said description, and that her said grantor was entitled to only "twelve acres, more or less," of said thirty-nine acres first described, and that appellant sold to Sarah A. Vansell only "twelve acres, more or less." It is then averred that appellant's decedent is indebted to the amount of $1,000, as shown by claims filed and allowed against said estate, and that there is no other property, real or personal, out of which said debts and the cost of administration can be paid; that appellees refuse to correct said mistake, or to reconvey said real estate not intended to be conveyed as aforesaid, but hold and claim to hold the entire thirty-nine acres, as embraced in the original description. The prayer of the complaint is

that the court reform the report of the sale, the deed and the confirmation thereof, so as to conform to the facts pleaded.

Appellees answered separately. The separate answer of Rowland Vansell is in four paragraphs. The first is a denial. The second pleads the five-year statute of limitations. The third paragraph relies upon an estoppel by conduct, in which it is averred that the sale, as originally made, has been confirmed by appellant in the following manner: That said land was sold for $240, $80 of which was paid in cash, and that the deferred payments of $80 each were evidenced by promissory notes executed by the purchaser; that said notes were secured by mortgage on the real estate, which said notes and mortgage were made payable to the appellees; that, before the bringing of this action, appellant transferred said notes and mortgage by indorsing the same to James H. Carithers, and that said transfer was made for a valuable consideration; that thereafter, to wit, September 24, 1896, said assignee brought suit against appellees to foreclose said mortgage; that a decree of foreclosure was entered in said cause on the ———— day of ————, 1903; that the land described in said mortgage was the identical land described in appellant's complaint and in his petition as administrator to sell, and also, as described in the deed of appellant to Sarah A. Vansell, and which, as alleged in appellant's complaint, contained thirty-nine acres; that under the decree of foreclosure said real estate was ordered to be sold to pay said deferred payments. And it is averred that by reason of said facts said sale has been fully confirmed by appellant and by his assignee, and that by reason of which appellant is estopped to maintain this action. The fourth paragraph is in all essential regards the same as the third.

The first, second, third and fourth paragraphs of answer of the appellee Maggie Vansell are identical to those of her co-appellee. In her fifth paragraph of answer she avers that on or about November 20, 1890, she entered into a contract

with Rowland Vansell whereby he agreed to convey to her ninety-five acres of land in Nevins township, Vigo county, Indiana, which said ninety-five acres included that described in appellant's complaint, and alleged to contain thirty-nine acres; that said agreement to convey said land was made in consideration of the agreement of said Maggie Vansell to marry her co-appellee; that said agreement was in writing, and as follows: "I Rouland Vansell of the First Part, dose heare By agree to deed and convey 95 acres of land; and all of my household goodes the lande Being in Vigo Co Ind Nevins township descritpion N E Parte of the South E quarter of se too township thirteen north range eight west Being ninety-five acares to Maggie Mulvihill porviding that She Maggie Will Marry Me Rouland Vansell on the 23 day of Nov 1890. I Maggie Mulvihill of the Second Parte agrees to marry Rouland Vansell providing thate the Rouland Vansell does signe over the land and household goodes and two horses; and one Buggy too Me Maggie Mulvihill. I here set too my hand and selle;" that in consideration of said agreement, she married her co-appellee on November 25, 1890; that when she entered into said agreement and into the married relations with her co-appellee she had no knowledge or notice whatever of appellant's claim upon any part of said real estate; that at said time she had no knowledge or notice whatever of any mistake "in said administrator's sale, and that at each of said times she had no knowledge or notice whatever that the deed of plaintiff to Sarah A. Vansell conveyed to said Sarah A. Vansell more than twelve acres, more or less"; that subsequently, and in pursuance of said agreement, her co-appellee, on the 9th day of September, 1892, conveyed said ninety-five acres of land to her by warranty deed.

1. The second, third and fourth paragraphs of the separate answers of appellees may be considered together. It is settled in this State that a sale of real estate by an administrator under an order and decree of court is a judicial sale.

*Staley* v. *Dorset* (1858), 11 Ind. 367; *Lantz* v. *Maffett* (1885), 102 Ind. 23; *Vail* v. *Rinehart* (1886), 105 Ind. 6; *Bump* v. *Gard* (1886), 107 Ind. 575.

2. If, under the facts pleaded, it can be said that appellant seeks in this action to recover real property sold by him as administrator, then the five-year statute of limitations applies, and, as the action was not brought within five years from the date of the sale, it would be barred. We can not, however, put this construction upon the complaint. It does not seek to recover real estate nor set aside a judgment by which the real estate was ordered sold, but it goes only so far as to demand relief from a mistake in the description of the real estate that was intended to be sold. There is no question, from the allegations of the complaint, but that appellant, as administrator, undertook and intended to sell under the order of the court only twelve acres of land, and it is equally manifest that the purchaser at that sale intended to buy only twelve acres, and not thirty-nine acres, for it is shown that the land was appraised at $20 per acre, all parties understanding and believing that it was intended to sell only twelve acres, and the purchase price as fixed by the appraisement was $240, which would be only $20 per acre. The purchaser paid a part of that purchase price in cash, and gave her two notes for the balance. The cash paid and the amount of the two notes aggregate $240. There can be no question, therefore, but that the parties to the transaction and the court that entered the decree understood and believed that the appellant was selling only twelve acres of land. So we must construe this complaint as proceeding upon the theory that it is sought in this proceeding merely to correct errors into which all of the parties fell, and to make the records speak the truth, as they all intended, by a correction of the description, so that the land that was intended to be sold might be properly described, and the remaining twenty-seven acres be preserved for the benefit of the creditors of the estate. In other words, this action is to recover

possession of the excess of land not sold nor intended to be sold and conveyed by the administrator, and is not an attack upon the validity of the sale as actually made. This being true, the five-year statute of limitations (§294 Burns 1901, §293 R. S. 1881) is not applicable, and the court erred in overruling the demurrer to the second paragraph of separate answer.

3. By the facts pleaded in the third and fourth paragraphs of the separate answer, appellees seek to invoke the doctrine of estoppel by conduct. These facts are so fully stated above that they do not need to be repeated. We are unable to see how the estate represented by the administrator could be estopped from prosecuting this action by the facts that the purchase notes, and mortgage securing them, were assigned to a third person, and such third person foreclosed the mortgage. There is no averment in these two paragraphs of answer to the effect that the administrator knew when he assigned the notes of the mistake in the description of the real estate. He acted in the belief when he assigned the notes that they represented the unpaid purchase money for twelve acres of land at $20 per acre, which he intended to sell, and which the purchaser intended to purchase. The answers fall far short of stating facts constituting an estoppel by conduct.

4. Ordinarily, to constitute an estoppel by conduct, there must be: (1) A representation or concealment of material facts; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the matter; (4) it must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced thereby to act. *Kuriger* v. *Joest* (1889), 22 Ind. App. 633, and authorities there cited. Without elaboration, it is sufficient to say that the necessary elements of estoppel, as indicated, do not appear in the third and fourth paragraphs of answer, and the demurrer thereto should have been sustained.

5.    The fifth paragraph of the separate answer of appellee Maggie Vansell presents a more difficult question. By the facts pleaded, she seeks to defend upon the ground that she is an innocent purchaser for value, and without notice of the error in the description of the land as it appears in the proceedings to sell, etc.    Her contract with Rowland Vansell, whereby he agreed to convey to her ninety-five acres of land if she would marry him, constituted a valuable consideration.  *Bookout* v. *Bookout* (1898), 150 Ind. 63, 65 Am. St. 350; *Richardson* v. *Schultz* (1884), 98 Ind. 429.

6.    This leaves the single question for determination: Was she an innocent purchaser without notice?    As between appellant and the original purchaser at the administrator's sale, there is no doubt but that the mistake as to the quantity of real estate intended to be sold, and which the vendee intended to purchase, was a mutual mistake.    It is made manifest that, after describing the land by metes and bounds, the petition, order of sale, etc., all specify the quantity of land as "twelve acres, more or less," and that the purchase price was $20 per acre, aggregating $240.    The purchaser understood she was getting only twelve acres of land, for which she agreed to pay $20 per acre.    The answer avers that, under the contract of marriage, Rowland Vansell was to convey to her ninety-five acres of land, and that said ninety-five acres "included that described in plaintiff's complaint, and alleged to contain thirty-nine acres."

It is not averred that either Rowland or Maggie knew that the land sold at the administrator's sale, as described in the petition, was thirty-nine acres, nor is it averred that it required the thirty-nine acres to make up the ninety-five acres which the former agreed to convey to the latter.    If Maggie had conveyed to her ninety-five acres of land, including the twelve acres that was intended in the first instance to be sold and conveyed, then she got all that she contracted for. If she is to retain all the land as described in the complaint, then she has one hundred twenty-two acres instead of ninety-

five. A pleading must be construed most strongly against the pleader. The fifth paragraph of answer will not admit of any other construction than that it shows that she got the ninety-five acres, and that it took only twelve acres of the tract described in the complaint to make up the ninety-five acres. This being true, she can in nowise be injured, for, having received all that she contracted for, it would be inequitable to allow her to retain twenty-seven acres of valuable land for which she did not pay any consideration, when it is apparent that she was only entitled to twelve acres of the tract described in the complaint.

7. In a conveyance of real estate, the rule is, in describing it, the monuments first control, then courses and distances, and lastly the designated quantity. *Allen* v. *Kersey* (1885), 104 Ind. 1. In that case the court said: "In determining how far the alleged quantity which a tract of land contains ought to control in its description, the context and other descriptive words ought to be taken into consideration. When there is a contest between the parties as to what has passed by a deed, the circumstances under which the deed was executed, and the consequent presumed intention of such parties, ought to be considered." Citing 3 Washburn, Real Prop. (4th ed.), p. 384.

8. Appellee Maggie Vansell avers in her fifth paragraph of answer that she "had no knowledge or notice whatever that the deed of plaintiff to Sarah A. Vansell conveyed to said Sarah A. Vansell more than twelve acres." It affirmatively appears, therefore, that she was not misled, and if the deed is reformed to speak the truth, and carry out the intention of the parties, she will still have the twelve acres that she believed she was to get, for she says that she did not know that the original description contained more than twelve acres.

9. But was appellee Maggie Vansell, under all the facts disclosed by the record, an innocent purchaser? The statute which authorizes an administrator upon petition to sell real

estate to pay debts requires that the administrator's deed shall describe the kind of record, the number of the volume and the page wherein the order or judgment of the court is entered, by virtue of which the administrator is authorized to execute the particular deed.   §2518 Burns 1901, §2362 R. S. 1881.   In this case the deed contains all of these recitals, and both the order-book entries and the deed are public records and notice to the world.

In the case of *Singer* v. *Scheible* (1887), 109 Ind. 575, at page 583, the court say:   "It is manifest, we think, the law requires that the commissioner's deed should contain these recitals and references, to the end that the grantee in such deed, and all persons thereafter interested in the title to the real estate therein described, might readily ascertain from the 'record, number of volume and page,' all matters there shown affecting such title.   We are of opinion that the recitals and references in the commissioner's deed, the substance of which we have given, were sufficient to put any person claiming title by, through or under Richard H. Singer, the grantee in such deed, upon inquiry as to the character, extent and contents of the order and judgment, under and pursuant to which the deed was executed.   That which shall be sufficient to put the party upon inquiry is notice.   *Hiern* v. *Mill* [1806], 13 Ves. 114.   'And so it is in all cases where the purchaser can not make out a title but by a deed; which leads him to another fact: the purchaser shall not be a purchaser without notice of that fact, but shall be presumed cognizant of it; for it is *crassa negligentia* that he sought not after it.' "   Citing *Mertins* v. *Jolliffe* (1756), Ambl. 311, 314.   See, also, *Brush* v. *Ware* (1841), 15 Pet. 93, 104, 10 L. Ed. 672;   *Coy* v. *Coy* (1870), 15 Minn. 119;   *Wood* v. *Krebbs* (1878), 30 Gratt. 708;   *Cordova* v. *Hood* (1872), 17 Wall. 1, 21 L. Ed. 587;   *Dickinson* v. *Worthington* (1880), 4 Hughes (U. S. C. C.) 430; *Lovejoy* v. *Raymond* (1885), 58 Vt. 509, 2 Atl. 156.

10.   In the case of *State, ex rel.,* v. *Davis* (1884), 96

Ind. 539, it is said: "It is well settled that the purchaser of real estate is presumed to have examined the records of the deeds, necessary to make out his chain of title, and under which he claims, and is bound by the recitals in such deeds. * * * He is charged with constructive notice of facts recited in a deed under which he claims, and is bound by such facts, even though he have no actual notice thereof." See, also, *Wiseman* v. *Hutchinson* (1863), 20 Ind. 40; *Croskey* v. *Chapman* (1866), 26 Ind. 333; *Colman* v. *Watson* (1876), 54 Ind. 65; *Hazlett* v. *Sinclair* (1881), 76 Ind. 488, 40 Am. Rep. 254; *Sample* v. *Cochran* (1882), 84 Ind. 594; *Stockwell* v. *State, ex rel.* (1884), 101 Ind. 1, 13.

And so if Maggie Vansell had examined this deed of the administrator to Sarah A. Vansell—and the law presumes that she did so—then she discovered that the administrator sold only twelve acres of land, more or less. And if she afterwards discovered that the description in that deed conveyed more than three times as much land as it was evident that all of the parties intended should be conveyed, she must have known of the mistake; and in such case she would necessarily be chargeable with notice thereof, and the right of the administrator to correct a mistake.

In the case of *Allen* v. *Kersey* (1885), 104 Ind. 1, 4, it is said: "The recitals in the deed of conveyance as to the quantity of acres, or feet, which the land contains, which it assumes to convey, are not always conclusive as to the dimensions of the particular tract actually conveyed, or intended to be conveyed. In describing a tract of land, monuments have a controlling influence. Next to monuments, courses and distances control. Lastly, in the absence of both monuments and courses and distances, the designated quantity will prevail. 3 Washburn, Real Prop. [4th ed.], p. 407; *Simonton* v. *Thompson* [1876], 55 Ind. 87. In determining how far the alleged quantity which a tract of land contains ought to control in its description, the context and other descriptive words ought to be taken into consideration.

When there is a contest between the parties as to what has passed by a deed, the circumstances under which the deed was executed, and the consequent presumed intention of such parties, ought to be considered.   3 Washburn, Real Prop. [4th ed.], p. 384."

In the case of *Mettart* v. *Allen* (1894), 139 Ind. 644, it was held that persons are regarded as notified of whatever appears upon the face of deeds constituting their claim of title to land, and whatever is sufficient to put them upon inquiry is sufficient to charge them with whatever an ordinarily diligent search would have disclosed.

It was the duty of appellee Maggie Vansell to search the records as to the source of her title, and this, so far as the answer goes, she did not do, and, under the facts pleaded, she is not entitled to invoke the aid of a court of equity to grant her the relief she seeks.

11.   In the case of *Warbritton* v. *Demorett* (1891), 129 Ind. 346, it was held that if the deed omits, by a mistake, to describe the portion of the land purchased and intended to be conveyed, the grantee will obtain equitable title to the land omitted by mistake, and the purchaser of such omitted land, with notice of the facts, will hold the legal title to such land subject to the equitable title of the grantee in the deed in which the mistake was made.   This being true, we do not see why it would not only be good reasoning, but good law, to declare that where a deed, which described land to be conveyed by metes and bounds, contains a larger acreage than that which the seller intended to sell and the purchaser intended to purchase, would not still leave in the seller the equitable title to the overplus, while the purchaser would hold the legal title subject to such equitable interest.   Appellee Maggie Vansell therefore having notice by the records that under her contract with her co-appellee she was only to have twelve acres of the real estate conveyed by the administrator's deed, which went to make up the ninety-five acres which he agreed to convey to her, she certainly has no equita-

ble right to retain twenty-seven acres of real estate which was not included in her contract.

12. Considering all of the allegations of the pleadings, as disclosed by the record before us, we are of the opinion that they present a cause which appeals so strongly to equity that a trial should be had upon the merits, and the rights of the parties ought to be determined after hearing the evidence, and not upon demurrers to pleadings. *Brown* v. *Brown* (1894), 139 Ind. 653, 659.

Counsel have discussed other questions, but we do not deem it necessary to pass upon them.

The judgment is reversed, with direction to the trial court to sustain the demurrers to the second, third and fourth paragraphs of the separate answer of appellees, and also to the fifth paragraph of the separate answer of the appellee Maggie Vansell, and for other proceedings not inconsistent with this opinion.