## HARTLEP v. MURPHY ET AL.

[No. 24,378. Filed January 27, 1926.]

1. ESTOPPEL.—*Elements of "estoppel by, conduct" stated.*—To constitute "estoppel by conduct," there must have been a representation or concealment of material facts, made to a person who was ignorant concerning such matter, with intent that such person should act thereon, and he must have been induced thereby to act in, reliance. on such representation or concealment differently. from what he would otherwise have done. p. 226.

2. ESTOPPEL.—*Estoppel to deny, forgery, of notes sued on not sufficiently, pleaded.*—In an action on promissory notes, where a defendant denied signing them and filed a verified answer of *non est factum*, a paragraph of reply thereto alleging that he was estopped to deny such execution by taking a mortgage to secure him as surety, thereon, knowing that the notes sued on were in existence bearing his signature, was insufficient as a plea of estoppel to avoid the defense of *non est factum*. p. 226.

3. BILLS AND NOTES.—*Forged note cannot be ratified or confirmed, and the obligation can only, become binding, by reason of estoppel or new promise on a new consideration.*—Where a signature to a note is forged, the act constitutes a crime and cannot be ratified or confirmed, and, in the absence of an estoppel, the obligation can only become binding by reason of a new promise supported by, a new and valid consideration. p. 227.

4. BILLS AND NOTES.—*Where a forged note has been validated by, a new promise, suit must be brought on the new promise, complaint alleging, such promise and the consideration supporting, it.*—Where a forged note has become binding by reason of a new promise by, the apparent maker, supported by, a new and valid consideration, the holder thereof must sue on the new promise, alleging in his complaint the subsequent promise

Hartlep v. Murphy—197 Ind. 222.

to pay the note and stating the consideration by which it is supported.  p. 227.

5.  PLEADING.—*Reply setting up a new promise to pay a forged note is departure from complaint on note.*—In an action on a promissory note, where an answer alleging forgery of signature was filed, a reply setting up subsequent promise to pay the note would constitute a departure.  p. 227.

6.  PLEADING.—*"Departure," as applied to a reply, defined.*—A reply which abandons the cause of action alleged in the complaint, and avers facts tending to constitute a right of action for another cause inconsistent therewith, constitutes a departure, and is insufficient on demurrer.  p. 228.

7.  JURY.—*Defendant denying, under oath, execution of notes sued on entitled to jury trial of issue made by his plea.*—Under the provisions of §437 Burns 1926, §418 Burns 1914, a surety defendant who filed a verified plea of *non est factum* denying his execution of the notes sued on was entitled to a jury trial of the issue made by his plea, although the action included the foreclosure of a mortgage given by another securing such notes.  p. 229.

8.  JURY.—*Issue made by plea denying a surety's signature to notes sued on not incidental to the foreclosure of mortgage securing said notes so as to be drawn into equity along with the foreclosure.*—In an action to foreclose a mortgage securing notes, where one defendant, a surety, who did not join in the mortgage, filed a verified answer of *non est factum* denying his execution of the notes, the issue raised by his plea was not incidental to the foreclosure of the mortgage as against another defendant, so as to be drawn into equity along with the foreclosure.  p. 229.

9.  JURY.—*When equitable causes of action or defenses are joined with actions or defenses at law, former shall be tried by court and latter by jury, unless waived, and at same or different times as court may direct.*—Under §437 Burns 1926, §418 Burns 1914, §409 R. S. 1881, where equitable causes of action or defenses are joined with actions or defenses at law, the former shall be tried by the court and the latter by jury, unless waived, both being tried at the same or different times as the court may direct.  p. 229.

10.  JURY.—*Issue of non est factum by surety on notes sued on held triable by jury in suit to foreclose the mortgage securing them, and it was error to overrule motion for jury trial on that issue.*—In a suit to foreclose a mortgage securing promissory notes, where a surety on the notes filed a plea of *non est factum* denying his signature to the notes, the issue on said plea was triable by a jury, and it was error to overrule his motion for a trial by jury of that issue.  p. 229.

From Newton Circuit Court; *George W. Williams,* Judge.

Suit by Otis Murphy and others to foreclose a mortgage securing promissory notes signed by others than mortgagor, including Charles B. Hartlep. From a judgment for plaintiffs, the named defendant appeals. *Reversed.*

*Victor H. Ringer, William R. Ringer, Ele Stansbury, D. F. Stansbury* and *William Darroch,* for appellant. ·
*Fraser & Isham,* for appellees.

EWBANK, C. J.—Appellees other than William Marko, as plaintiffs, brought an action against William Randall, Aaron Larch and appellant, to recover on certain promissory notes payable to them purporting to have been executed by Randall as principal and Larch and appellant as sureties, and also to foreclose a mortgage executed by Randall conveying certain land to said sureties to secure the payment of the notes and to indemnify and protect the sureties against loss on account of such suretyship. The notes were dated April 24, 1920, and purported to have been signed by William Randall and Aaron F. Larch, and executed by appellant by "his mark," W. C. Taylor signing as witness to such mark. The mortgage was dated and acknowledged November 18, 1920, seven months after the notes were given, and recited that it was "made to secure and completely indemnify the said Aaron F. Larch and Charles B. Hartlep on account of their suretyship for the said William Randall on five promissory notes," describing them, and it was conditioned that in case Randall should fail to pay the notes or any of them when due, and all expense which the mortgagees (sureties) might be caused on account thereof, such mortgage might be foreclosed and the mortgaged premises sold. The complaint alleged

that plaintiffs (appellees) owned a certain tract of land as tenants in common, and through the agency of one of them, acting for all, sold it to said William Randall, and received in payment $12,000 which Randall borrowed on a mortgage that he gave on said real estate, and also four notes, aggregating $12,000 in amount, signed by Randall, Larch and appellant, as above described, copies of which were filed with the complaint as exhibits; that thereafter, on November 18, 1920, Randall executed his mortgage on the land so purchased, securing and indemnifying Larch and appellant, as above stated, and it was duly recorded; that the notes were long past due and wholly unpaid, but said sureties refused to foreclose the mortgage for the benefit of plaintiffs; and that plaintiffs had no other security for payment of said unpaid purchase money, except the personal liability of the makers, and the mortgage sued on. Answers of general denial and of payment were filed on behalf of all the defendants, and appellant answered separately, under oath, "that the notes sued on, and each and all of them were not executed by this defendant." To this separate answer denying the execution of the notes plaintiffs filed a reply, the material averments of which were "that the defendant (appellant) with full knowledge that said notes were outstanding with his name signed to each of them as thereon appearing and with full knowledge that the plaintiffs took said notes for purchase money of lands sold to the defendant Randall * * * promised and agreed to pay said notes and took and accepted the mortgage sued on * * * in consideration of which said defendant Hartlep ratified said notes and agreed to pay the same and each of them with full knowledge that said notes and each of them purported to be bind-

ing upon him as maker in the hands of the vendors of said real estate. Wherefore * *. * plaintiffs aver and charge that the said Charles B. Hartlep is estopped to deny the execution of said notes or any of them." Appellant demurred to this reply, specifying that it did not state facts constituting an estoppel, nor facts showing that with knowledge of the existence of the notes and for what they were given appellant ratified or agreed to pay them upon a new consideration. Overruling this demurrer is the first error assigned.

To constitute an estoppel by conduct there must have been a representation or concealment of material facts, made with knowledge of the facts, to a person 1, 2. who was ignorant concerning such matter, with intent that such person should act thereon, and he must have been induced thereby to act in reliance on such representation or concealment differently from what he would otherwise have done. *Hosford* v. *Johnson* (1881), 74 Ind. 479, 485; *Lewis* v. *Hodapp* (1896), 14 Ind. App. 111, 113, 42 N. E. 649, 56 Am. St. 295; *Pierce* v. *Vansell* (1905), 35 Ind. App. 525, 533, 74 N. E. 554. But the reply, as set out above, does not allege that at the time when appellant "took and accepted the mortgage sued on" (long after the notes were executed) plaintiffs were ignorant of the fact that the notes were forgeries, nor that appellant took the mortgage with intent that plaintiffs should be influenced thereby in any way, nor that plaintiffs were influenced thereby to act or refrain from acting, or that they really did do anything or omit doing anything thereafter, whether in reliance upon appellant's acceptance of the mortgage or otherwise. The reply did not sufficiently plead matter of estoppel to avoid the defense of *non est factum*.

The verified answer that the notes were not executed by appellant was broad enough to embrace the defense that they had been forged, in violation of the criminal

law, and to be sufficient a reply thereto must
3-5. meet and avoid that defense. But where one per-
son has signed the name of another to a note
under such circumstances as to constitute a forgery, the
act from which the crime springs cannot, upon consid-
erations of public policy, be ratified or confirmed, and
in the absence of an estoppel, the debt can only become
binding by reason of a new promise, supported by a
new and valid consideration. *Henry* v. *Heeb* (1888),
114 Ind. 275, 280, 16 N. E. 606, 5 Am. St. 613; *Barkley*
v. *Barkley* (1914), 182 Ind. 322, 326, 106 N. E. 609,
L. R. A. 1915B 678; *Building & Loan Assn.* v. *Walton*
(1897), 181 Pa. St. 201, 206, 37 Atl. 261, 59 Am. St.
636; *Garrott, etc.,* v. *Ratliff* (1885), 83 Ky. 384, 390;
*Shinew* v. *First Nat. Bank* (1911), 84 Ohio St. 297, 304,
95 N. E. 881, 36 L. R. A. (N. S.) 1006, Ann. Cas. 1912C
587; *Woodruff* v. *Munroe* (1870), 33 Md. 146; *Mer-
chants Bank* v. *Lucas* (1890), 18 Can. S. C. 704; *Brook*
v. *Hook* (1870), L. R. (Eng.) 6 Exch. 89.

And in order to recover on such new promise the
plaintiff must sue upon it, alleging in his complaint the
subsequent promise to pay the notes, and the consider-
ation by which it is supported. To allege in a complaint
that the defendants are indebted on certain promissory
notes, and upon a defense to the notes being pleaded
which shows that they are void and incapable of rati-
fication, to reply by alleging that at another time, for
another and different consideration, the defendant made
another and different promise than the one sued on,
does not "support the complaint," by showing that
plaintiff is entitled to recover on the cause of action
originally sued on, which is the only legitimate function
of a reply. §381 Burns 1926, §363 Burns 1914, §357
R. S. 1881.

Where a reply abandons the cause of action alleged
in the complaint and avers facts tending to constitute

a right of action for another cause inconsistent therewith, this constitutes a departure, and makes the reply insufficient to withstand a demurrer. *McAroy* v. *Wright* (1865), 25 Ind. 22, 27; *Kilgore* v. *Powers* (1838), 5 Blackf. (Ind.) 22; *Wells* v. *Teall* (1840), 5 Blackf. (Ind.) 306; *Will* v. *Whitney* (1860), 15 Ind. 194, 196; *Burtch* v. *State, ex rel.* (1861), 17 Ind. 506, 508; *Bearss* v. *Montgomery, Gdn.* (1874), 46 Ind. 544, 548; *Haas* v. *Shaw* (1883), 91 Ind. 384, 390, 46 Am. Rep. 607; *Shaw* v. *Jones* (1901), 156 Ind. 60, 62, 59 N. E. 166; *S. F. Bowser & Co.* v. *State, ex rel.* (1922), 192 Ind. 462, 469, 137 N. E. 59; *Midland Steel Co.* v. *Citizens Nat. Bank* (1901), 26 Ind. App. 71, 78, 59 N. E. 211; *Indianapolis Abattoir Co.* v. *Bailey* (1913), 54 Ind. App. 370, 380, 102 N. E. 970; *Federal Life Ins. Co.* v. *Barnett, Admx.* (1919), 71 Ind. App. 613, 635, 125 N. E. 522. The trial court erred in overruling the demurrer to plaintiffs' reply to defendant's second paragraph of answer.

Defendant Marko filed a cross-complaint to recover on the fifth note of the series secured by the mortgage described in the complaint, and to foreclose said mortgage, alleging that the note was given to him by Randall, Larch and appellant, and that Randall afterward executed and delivered to Larch and appellant the indemnity mortgage securing it, together with other facts substantially the same as were alleged in the complaint. Appellant filed a separate answer, under oath, to this cross-complaint, averring "that he did not execute the note sued on in said cross-complaint, and that the same is not his act and deed." The reply of the cross-complainant to this answer was insufficient for reasons stated above in discussing the insufficiency of plaintiffs' reply, and it was error to overrule the demurrer thereto.

Appellant duly filed separate motions asking that the issues joined on his answers denying, under oath, the

execution of the notes sued on, respectively, by the plaintiffs and by the cross-complainant, should be tried by a jury, but each motion was overruled, and he excepted. Overruling each of these motions was specified as a reason for a new trial, and overruling the motion for a new trial is assigned as error. The mortgage sought to be foreclosed did not purport to have been signed by appellant, nor did the complaint or cross-complaint charge him with having executed it. But the alleged right of action to foreclose it was bottomed on the alleged fact that Randall held title to the mortgaged land for the purchase price of which he had executed notes that bore the names of Larch and appellant as sureties, and then had conveyed the land to the sureties by way of mortgage to secure the payment of those notes. But whatever right, in equity, these facts might give the creditors to foreclose as against the land, they could give no right to recover anything from the appellant. Plaintiffs' right of action to recover a personal judgment against him depended wholly upon the alleged fact that appellant was indebted to plaintiff by reason of having executed the notes sued on. The denial of that fact, under oath, formed an issue which, if there were no other issues, would clearly be triable by a jury. §437 Burns 1926, §418 Burns 1914, §409 R. S. 1881; *Michael* v. *Allbright* (1890), 126 Ind. 172, 25 N. E. 902; *Hoosier Construction Co.* v. *National Bank, etc.* (1905), 35 Ind. App. 270, 272, 73 N. E. 1006.

But appellees insist that the case at bar is within the rule that where equity has exclusive jurisdiction of a material part of an action the whole case is drawn into equity; as in the case of an ordinary suit to recover on promissory notes and to foreclose a mortgage securing them, where ascertaining the amount due is merely incidental to awarding the essen-

tial relief sought, by way of foreclosing the mortgage. *Carmichael* v. *Adams* (1883), 91 Ind. 526; *Field* v. *Brown* (1896), 146 Ind. 293, 45 N. E. 464; *Knowlton* v. *Smith* (1904), 163 Ind. 294, 297, 71 N. E. 895. In this case, however, determining the issue joined on the plea of *non est factum* is not incidental to a foreclosure of the mortgage. On the contrary, the mortgage may be foreclosed for the same amount, as against the same property, and that property may be subjected to sale for the payment of the debt it was given to secure, if the mortgagor owed the debt and executed the mortgage to secure it, whether or not appellant shall be found to have executed the notes, or otherwise to have become bound to pay them; none of these matters being put in issue by the plea of *non est factum*. While the only question for trial and determination under the issue joined by appellant's answer denying that he executed the notes is whether or not he, as well as the maker and a cosurety, is liable to a personal judgment for the amount due thereon.

Where causes of action or defense which, prior to June 18, 1852, were of exclusive equitable jurisdiction, are joined with causes of action which, prior to said date, were designated as actions at law and were triable by jury, the former shall be triable by the court, and the latter by a jury, unless waived, both kinds of issues being tried at the same time or each at a different time, as the court may direct. §437 Burns 1926, §418 Burns 1914. The issues formed on appellant's pleas of *non est factum* being triable by a jury, and the decision thereof not being merely incidental to the foreclosure of the mortgage or other matter exclusively of equitable jurisdiction, it was error to overrule his motion for a trial by jury of those issues. *W. A. Flint Co.* v. *John V. Farwell Co.* (1922), 192 Ind. 439, 446, 134 N. E.

666, 136 N. E. 839; *Boonville Nat. Bank* v. *Blakey* (1906), 166 Ind. 427, 447, 76 N. E. 529.

Other questions discussed by counsel may not arise when the case is again tried.

Since the decision of the equitable issues joined on the complaint to recover from the mortgagor the amount of the mortgage debt, and to foreclose the mortgage lien and sell the mortgaged property has not been challenged, and stands admitted as being correct, that decision will not be disturbed, and may continue in force until the legal issues joined in the action for a personal judgment on the notes shall have been decided or otherwise disposed of, so that a judgment making final disposition of the entire case may be rendered.

The judgment is reversed, with directions to sustain the demurrer of defendant Hartlep to the affirmative paragraph of reply to each of his answers denying the execution of the notes sued on, and for further proceedings not inconsistent with this opinion.