## THE PEOPLE *ex rel.* HALL *v.* SUPERVISORS OF SAN FRANCISCO.

THE constitutionality of the first section of the law of 1861 concerning intelligence offices in San Francisco cannot be tested in a proceeding by mandamus against the Board of Supervisors to compel an order by them for the issuance of a license to a person applying therefor under said act.

If the discretion given by this section to withhold a license from any particular person who may apply for one is an unconstitutional limitation upon the right of the citizen to follow a lawful avocation, it may render the section void, and leave it open for any person to pursue the business without a license; but it does not work an affirmative right to a license by any person, irrespective of the decision of the Board of Supervisors as to his qualifications.

The Revenue Law of 1861 does not apply to the County of San Francisco, so far as respects the subject of licensing intelligence offices, and the general repealing clauses of that law do not have the effect to repeal the Act of 1861 concerning intelligence offices in San Francisco.

APPEAL from the Fourth Judicial District.

Application for mandamus to compel the Board of Supervisors of the City and County of San Francisco to issue a license to the relator to keep an intelligence office in San Francisco.

The first section of the " Act to authorize the Board of Supervisors of the City and County of San Francisco to regulate and license Intelligence Offices in said City and County," approved May 17th, 1861, is as follows.

" Sec. 1.   The Board of Supervisors of the City and County of San Francisco are hereby authorized to direct the Auditor of said city and county to issue licenses to so many, and to such persons as they shall deem properly qualified to keep intelligence offices in said city and county."

The petition of Hall, the relator, sets forth that under and by virtue of the act above referred to, he, on the seventeenth day of June, 1861, presented a petition in writing to the said Board of Supervisors, praying them to direct the Auditor to issue to him a license to keep an intelligence office in said city, in which business he had previously been and was at the time engaged ; that he was ready and offered to pay the license tax ; that he was fully qualified to keep such office ; that by an order made on the eighth day of July, 1861, the Board denied his petition, and then refused, and still refuse to give the direction to the Auditor.

The answer of the Board admits the application by the relator, and avers that they duly considered it, and made examination as to the qualification of the applicant, and that in the exercise of the discretion imposed upon them by the act aforesaid, they determined that he was not qualified, and therefore refused to order the Auditor to issue a license.

The Court below refused the mandamus, and the relator appeals.

*W. A. Cornwall,* for Appellant.

I.   The first section of the Act of 1861 concerning intelligence offices is unconstitutional, because it does not specify or enumerate the qualifications which applicants for licenses must possess, and thus gives the Board of Supervisors an arbitrary and despotic power in acting upon applications.

II.   The act concerning intelligence offices is repealed by the

seventh subdivision of the seventy-third section of the Revenue Act of 1861.

*John H. Saunders,* for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The question whether the first section of the law of 1861, authorizing the Board of Supervisors of San Francisco County to license intelligence offices is unconstitutional, cannot be raised by the appellant in this proceeding. That section clearly does not require the Board of Supervisors to order a license to issue to any other person than such as they deem properly qualified to keep an intelligence office. If the discretion given by this section to withhold a license from any particular person who may apply for one is an unconstitutional limitation upon the right of the citizen to follow a lawful avocation, it may render the section void, and leave it open for any person to pursue the business without a license; but it does not work an affirmative right to a license by any person, irrespective of the decision of the Board of Supervisors as to his qualifications. The relator cannot have a mandamus to compel the granting of a license under the law for a reason which, if valid, shows the law to be void.

The Revenue Law of 1861 does not apply to the County of San Francisco, so far as respects this subject; and hence the general repealing clauses of that law do not have the effect to repeal this law.

The order and judgment denying the application for a mandamus is affirmed.