THE STATE, EX REL. JOHN LYTLE, V. COMMISSIONERS OF DOUGLAS COUNTY.

**Mandamus:** CONSTITUTIONAL LAW. On an application for a mandamus against the county commissioners of Douglas county to compel them to call an election in the city of Omaha for twelve justices of the peace therein, there being six precincts, and alleging that the act reducing the number of justices in such city to three was unconstitutional and void, *Held,* That the court would not in that proceeding determine whether or not the act was in contravention of the constitution.

ORIGINAL application for mandamus.

*Patrick O'Hawes*, for relator.

No appearance for respondent.

MAXWELL, J.

This is an application for a mandamus to compel the county commissioners of Douglas county "forthwith to call an election for the city of Omaha, for the purpose of electing two justices of the peace for each precinct in said city." The application was filed and submitted on the 29th of October, 1885, the day of election being the 3d of November thereafter.

The relator alleges that he is an elector of the city of Omaha; that in October, 1869, the board of county commissioners of Douglas county divided said city of Omaha into six precincts numbered respectively one, two, three, four, five, and six, which precincts as thus constituted still exist; that under the statute of 1879 each of said precincts is entitled to elect two justices of the peace, making twelve in all for said city; that by an act approved March 5th, 1885, it was provided that in cities of the first-class, which includes Omaha, but three justices of the peace shall be

elected in and for such city and no more; that by virtue of said act the defendants "were required to divide said six precincts constituting the city of Omaha into three districts for the purpose of and intending thereby to decrease the number of justices of the peace in said Omaha to the number of three, which said defendants, as their duty was, proceeded to do," etc.; that so much of the statute above referred to as relates to justices of the peace is contrary to and in derogation of the constitution of the state, section 15 of Art. X. of which provides, that the legislature shall not pass local or special laws "regulating county and township officers, providing for the election of officers in townships, incorporated towns and cities," and "in all other cases where a general law can be made applicable, no special law shall be enacted." Also section 19, Art. VI., which provides, "that all laws relating to courts shall be general and of uniform operation, and the organization of such courts. severally shall be uniform." It will be seen that the questions presented in this case are very important, involving as they do the validity of an act reducing the number of justices of the peace in Omaha. Such questions should not be decided without a full hearing of all parties interested, and a careful examination of the entire subject. Less than this would not justify the court, in a case of this importance, in rendering a decision. Yet, on the eve of an election, with many other important cases pressing on our attention, this case was submitted, practically without argument, and we are asked to determine whether or not the act reducing the number of justices in Omaha to three is constitutional. We cannot dispose of the case in this summary manner.

In *State v. Stevenson*, *ante* p. 416, Judge Mitchell intervened and stated facts showing that he was exercising the duties of an important office which affected the public and the rights of individuals, and asked the court to determine the validity of the act creating the office. Abundant oppor-

tunity had been given all parties to present the case to the court and elaborate arguments were made, and briefs filed. The court, therefore, was possessed of all the points relied upon by either party; but that is not the case at bar. The presumption is that the legislature has done its duty, and that an act passed by it is not in conflict with the constitution, and it is the duty of all ministerial officers to obey it until the act is declared invalid. The writ must be denied.

JUDGMENT ACCORDINGLY.

THE other judges concur.