Filed Nov. 5, 1887.

---

No. 13,162.

STRINGER v. MONTGOMERY ET AL.

CONVEYANCE.—*Trust.—Gift.—Recovery of Possession.—Quieting Title.*—Where the purchasers of land have the legal title conveyed to another, who pays no part of the consideration, the latter, in the absence of facts showing a gift of the property, becomes a trustee for the purchasers, and after a conveyance of the trust estate at the request of the beneficiaries, can not maintain an action to recover possession or quiet title.

SAME.—*Evidence.—Written Instruments.*—In such case it is proper to show

all the transactions between the parties, and the written instruments relating to the acquisition and disposition of the property are admissible in evidence.

SAME.—*Married Woman.*—*Suretyship.*—*Trust Estate.*—The conveyance by a married woman, to secure her husband's debt, of property held by her in trust for him, is not invalidated by the statute prohibiting her from entering into a contract of suretyship, as such statute applies only to property owned by her in her own right.

From the Hendricks Circuit Court.

*T. E. Ballard, E. E. Ballard, S. M. Bruce* and *M. E. Clod-felter,* for appellant.

*E. C. Hogate, R. B. Blake* and *J. V. Hadley,* for appellees.

ELLIOTT, J.—The questions which control this case arise on the facts stated in the special finding, and these facts may be thus summarized: The appellant's husband, Henry D. Stringer, and Bedford Shobe were partners doing business in Sedalia, Missouri, under the firm name of Stringer & Shobe. They were the owners, by a defective title, of a house and four lots in Sedalia, and one Mrs. Henry was the owner of a large tract of land in Monroe county, Missouri, which she proposed to exchange for the house and lots and a business block to be acquired by the firm. A contract was entered into between the parties wherein Mrs. Henry agreed that, in consideration of the payment to her of four thousand dollars in money and the conveyance of the house and lots and the business block in Sedalia, she would convey to Stringer & Shobe the land owned by her in Monroe county. In order to enable Stringer & Shobe to effect the exchange, it became necessary to raise $10,800, for the purpose of paying for the business block, "to cover the house and four lots" and to pay Mrs. Henry the four thousand dollars agreed upon. Stringer & Shobe employed one J. R. Stewart to assist them in raising the money required, and agreed to pay him one-half of all the profits that might be realized. Stewart obtained from James C. Thompson a loan of the money, and it was agreed that, instead of one-half of the

profits, the compensation should be twenty-five hundred dollars. Montgomery was employed to render services as an attorney, and it was agreed that he should receive one-third of the twenty-five hundred dollars as his compensation. The money was obtained on a mortgage executed on the Monroe county land, and both Stringer and Shobe were insolvent. Without any consultation with Mrs. Stringer, it was agreed that the title to the land should be placed in her name, but she paid no part of the consideration, and took no interest in the transaction beyond executing the necessary conveyances and papers. Pursuant to this agreement, deeds were executed and exchanged on the 26th day of June, 1883, and on that day three mortgages were executed on the Monroe county land, the first to T. W. Marshall for $8,000, the second to John Montgomery, one of the appellees, for $2,800, and the third was also executed to him to secure $2,500. Some personal property was also purchased of Mrs. Henry by Stringer & Shobe. Possession of the Monroe county land was taken by them, and repairs were made with money received from rents. .

On the 13th day of December, 1883, pursuant to an agreement between Stringer & Shobe and Montgomery and Thompson, the appellant and her husband conveyed, by a warranty deed, part of the Monroe county land to Lewis S. Watts, and received from Watts in exchange the property in controversy, situate in Danville, in this State. The sole consideration for the conveyance of this property was the conveyance of part of the Monroe county land, and the mortgages on that land were, by agreement of the parties interested, to be transferred to the property in Danville. The appellee Montgomery, in execution of this agreement, released his mortgages on that land and accepted mortgages on the Danville property, but the holder of the $8,000 mortgage refused to transfer his mortgage security to Indiana.

In December, 1883, at the special request of Stringer & Shobe, the appellee Montgomery accepted a warranty deed,

absolute on its face, for the Danville property, executed by the appellant and her husband. The consideration for the conveyance was the payment by Montgomery of encumbrances on the property, and of one hundred and fifty dollars in money, and the payment of certain debts owing by Stringer & Shobe. At the time this deed was executed an instrument in the nature of a defeasance was also executed. After the conveyance to him, Montgomery exchanged the property conveyed to him for a farm near Sedalia, Missouri.

It is stated in the special finding that " The plaintiff, Louisa Stringer, never put any money in the purchase of the real estate in controversy, nor did she pay any part of the consideration that purchased the property in Sedalia, or in Monroe county, Missouri."

Some other facts are stated in the special finding, but we have given a synopsis of enough of the finding to show very clearly that the trial court did not err in adjudging that the appellant can not maintain an action to quiet title to the real estate in controversy, or to recover possession of it.

It is apparent from the facts stated that the appellant received the property in trust for Stringer & Shobe, and that it was not conveyed to her in her own right. She paid no part of the consideration, and has no equities; for equity, when it can be done without violating some positive rule of law, regards the real and beneficial title as in the party who pays the purchase-money. Nor can the appellant be regarded as in any sense a purchaser, for she neither paid, nor promised to pay, any part of the consideration given for the property she now claims. Nor can she successfully claim that the property was a gift to her, for the facts conclusively show that the property was conveyed to her as a mere trustee. No act of Stringer & Shobe, nor of any one from the beginning to the end, indicates that anybody ever intended to make a gift to her; nor does any act of hers, until this action was brought, indicate that she supposed that the property was a gift to her. On the contrary, the acts done by her, and by all the parties

interested, clearly show that the property was conveyed to her as a mere trustee. The claim of her counsel that the property was a gift is utterly without support.

The transaction constitutes a parol trust, and as that trust has been executed no possible question as to its validity can arise. *Hays* v. *Reger*, 102 Ind. 524. Mrs. Stringer has executed the trust by a conveyance of the property by a warranty deed, and in equity, as in common fairness, she is concluded from attempting to regain the property.

Counsel affirm that there can be no trust because there is no beneficiary, but in this they are plainly in error. Stringer & Shobe are the beneficiaries. They paid the consideration for the property, and in equity they are the owners of it. They were the beneficiaries at the outset, and that position has not been changed. They certainly never made any gift to the appellant, and she, surely, never bought from them. As she neither bought the property nor was a donee, it is impossible to perceive how she has any title.

If she has no title she can not maintain an action to quiet title or to recover possession, for she must recover, if at all, upon the strength of her own title. It is unnecessary, therefore, to search for a beneficiary, since, if she has not the title, she must fail wherever else the title may be; but there is no real difficulty, as we have seen, in determining who the beneficiaries are.

It is clear to our minds that Mrs. Stringer became a trustee, and that, as she conveyed the trust estate to Montgomery at the request of the beneficiaries, she no longer has any title to the property, whatever may be the rights of Montgomery.

We do not think the special finding is so defective as to entitle the appellant to a *venire de novo*. There is, perhaps, some evidence stated in it, but there are enough material facts to sustain the conclusion of law and the judgment of the court.

It is not here a question whether Montgomery can be

called to account if he is guilty of a breach of duty under his contract, but the question is, has the appellant such a title as will enable her to maintain an action to recover possession or quiet title? We think the facts found show that she has not, for they show that the legal title to the trust estate has been conveyed by her, and this is enough to defeat her action.

It was proper to show all the transactions between the parties, and there was no error in admitting in evidence all the written instruments relating to the acquisition and disposition of the property.

It is said, in discussing the motion for a new trial, "that the instruments under which the appellee claims title were made by appellant to secure her husband's debts, and for no other purpose," and from this premise it is concluded that they are void. The fallacy in this argument is the undue assumption that she owned the property, whereas the truth is she was not the owner of the property in the sense contemplated by the statute, but simply held it in trust. The statute concerning married women does not, of course, apply to property held in trust for the benefit of another person. It only applies to property which the married woman owns in her own right.

Judgment affirmed.

Filed June 15, 1887; petition for a rehearing overruled Sept. 21, 1887.