Shaw v. Jones.

Ward H. Watson, for appellant.

H. A. Burlt and J. E. Taggart, for appellees.

---

SHAW ET AL. v. JONES ET AL.

[No. 18,884.   Filed January 11, 1901.]

PLEADING.—Complaint to Foreclose Mortgage.—Reply.—Departure.— Where, by a complaint against a wife and her husband, it is sought to foreclose a mortgage on real estate, the title to which is affirmed to be in the wife, and the wife answers that the notes secured by the mortgage were given for a debt owing by her husband, and that the real estate mortgaged by her husband is, and was at the time the mortgage was executed, her separate property, replies seeking to charge the land with the payment of plaintiff's debt on the basis that the wife had no title as against the plaintiff constitute a departure, and are not sufficient to withstand a demurrer. pp. 61, 62.

MORTGAGES.—Foreclosure.—Evidence.—Husband and Wife.—In an action to foreclose a mortgage executed by husband and wife on the wife's separate real estate, objections were properly sustained to questions in reference to the extent of the husband's indebtedness at the time he conveyed the property to his wife, his intent to defraud his creditors and the wife's knowledge of such fraudulent intent. p. 62.

MORTGAGES.—*Foreclosure.*—*Evidence.*—*Husband and Wife.*—Where, in an action to foreclose a mortgage, the wife filed a separate answer that the notes were given for a debt owing by the husband, and that the real estate described in the mortgage was her separate property, owned by her at and prior to the time of giving the mortgage, an objection was properly sustained to a question asked the husband as to whether the wife was in fact the owner of the land in fee simple, or whether she held the title only as trustee for him, and for his convenience. *pp. 62; 63.*

TRUSTS.—*Parol Trust.*—An express trust resting in parol is as lawful as one in writing; but, if one seeks to impress such a trust upon an absolute deed, he must produce evidence in writing that is binding upon the party sought to be charged. *p. 63.*

From the Marshall Circuit Court. *Affirmed.*

*C. B. Tibbetts* and *H. A. Logan,* for appellants.

*J. D. McLaren,* for appellees.

BAKER, J.—Appellants filed a complaint against appellees Mary J. Jones and Josiah Jones, her husband, to obtain personal judgment on notes executed by them to appellants, and to foreclose a mortgage securing the notes. Appellees filed an answer of general denial. Mrs. Jones further answered that the notes were given to evidence a debt owing solely by her husband to appellants, and that the real estate described in the mortgage was her separate property, owned by her in fee simple absolute at and prior to the time of giving the mortgage. Appellants filed a reply in four paragraphs, of which the first was a general denial. The second averred that Jones had owned the land in fee simple at the time his debt to appellants was contracted; that, with the intention of defrauding his creditors, including appellants, he conveyed the land to Mrs. Jones, who took the deed with full knowledge of her husband's fraudulent intent; that at the time of the conveyance to his wife, Jones did not have, nor has he since had, nor has he now, sufficient other property subject to execution to pay any part of the debt due to appellants. The third paragraph differs from the second only in charging that Mrs. Jones accepted the conveyance without paying any consideration, instead of the allegation

that she had knowledge of her husband's fraudulent intent. The fourth paragraph is the same as the third, except that "a wholly inadequate consideration" takes the place of "no consideration". Mrs. Jones's demurrers to these affirmative replies for want of facts were sustained. The trial resulted in a general finding and judgment for appellants against Jones on the notes, and for Mrs. Jones against appellants on her affirmative answer. Appellants' motion for a new trial was overruled. The assignments of error challenge the correctness of the court's rulings on the demurrers to the replies and on the motion for a new trial.

The complaint to foreclose the mortgage executed by Mrs. Jones necessarily affirmed title in her. If she had no title, the mortgage was without foundation. The replies do not support the complaint. They seek to charge the land with the payment of appellants' debt on the basis that Mrs. Jones has no title as against appellants. The replies contain the substance of a complaint to set aside the conveyance to Mrs. Jones as fraudulent, and therefore constitute a departure. *Kilgore* v. *Powers,* 5 Blackf. 22; *Yeatman* v. *Cullen,* 5 Blackf. 240, 247; *Teal* v. *Langsdale,* 78 Ind. 339.

The motion for a new trial is based upon the refusal to permit the Joneses to answer certain questions propounded to them by appellants. The objections to the questions in reference to the extent of Jones's indetedness at the time of the conveyance to his wife, his intent to defraud his creditors, the amount of other property he had, Mrs. Jones's knowledge of her husband's fraudulent intent, the amount of the consideration paid by Mrs. Jones, were all properly sustained. These questions sought only to elicit testimony that might support the averments of the deficient affirmative replies.

Appellants insist, however, that under the reply in denial they were entitled to have the following question answered: "You may state, Mr. Jones, whether your wife was in fact the owner of this land in fee simple, or whether she held the

title to the land only as trustee for you and for your convenience?" The complaint was based upon a mortgage on land, the legal title to which was in Mrs. Jones. She answered that she executed the mortgage upon her separate real estate to secure her husband's debt. Assuming that under the reply in denial it was competent for appellants to prove that Mrs. Jones held the legal title as a naked trustee for her husband who owned the entire beneficial interest, and that the mortgage was therefore his mortgage to secure his own debt, the objection to the question was properly sustained. Since Jones, when the conveyance was executed, was under a moral and legal obligation to provide for his wife, the presumption is that the conveyance, without any consideration from her, was made as an advancement; and against this implication no implied trust could arise. *Lochenour* v. *Lochenour,* 61 Ind. 595. An express trust resting in parol is as lawful as one in writing; but, if one seeks to impress such a trust upon an absolute deed, he must produce evidence in writing that is binding upon the party sought to be charged. *Montgomery* v. *Craig,* 128 Ind. 48; *Basye* v. *Basye,* 152 Ind. 172; *Murray* v. *Murray,* 153 Ind. 14. The case of *Stringer* v. *Montgomery,* 111 Ind. 489, is not applicable here. In that case, Stringer & Shobe, partners, paid the full consideration for certain land and had the legal title put in the name of Mrs. Stringer. As the firm was under no moral or legal obligation to provide for Mrs. Stringer, a trust in favor of the partnership at once resulted from the implication of the law. In this case, appellants must show an express trust, if any. The express trust which appellants desired to prove by parol in answer to the question propounded, was a general trust in favor of Jones. The question was not directed to showing that Mrs. Jones had accepted the conveyance on the express trust of making to appellants the mortgage in suit, and that she had executed the trust. *Hays* v. *Reger,* 102 Ind. 524. The pertinency of such an inquiry, therefore, is not presented.

Judgment affirmed.