THE STATE OF INDIANA, EX REL. HUNTER, *v.* WINTERROWD, BUILDING INSPECTOR, ET AL.

[No. 21,519. Filed June 3, 1910. Rehearing denied October 12, 1910.]

1. MANDAMUS.—*Performance of Duty.—Statutes.*—Mandamus lies to compel the performance of an act specifically enjoined by law, or a duty resulting from an office, trust or station (§1225 Burns 1908, §1168 R. S. 1881). p. 595.
2. MANDAMUS.—*Nature of Writ.*—Mandamus is an extraordinary legal remedy, is available only in the absence of another adequate remedy, and does not lie to establish a right or to define and impose a duty. pp. 595, 600.
3. MANDAMUS.—*Building Inspector.—Approval of Plans.—Unconstitutional Statute.—Complaint.*—A complaint showing that defendant building inspector refused to approve relator's plans for a building because of the prohibitive provision of the tenement house law (Acts 1909 p. 108), and demanding that such act be declared unconstitutional, is insufficient, since the court will not consider such question in such an action. pp. 596, 599, 600.
4. MUNICIPAL CORPORATIONS.—*Ordinances.—Statutes.—Conflict.*—A city ordinance is void so far as it conflicts with a statute. p. 596.
5. STATUTES.—*Officers.—Citizens.—Duty of, to Obey.*—It is the duty of officers and citizens to obey a statute until it is repealed or judicially overthrown. p. 596.

From Superior Court of Marion County (78,401); *Vinson Carter,* Judge.

Action by the State of Indiana, on the relation of Edgar O. Hunter, against Thomas A. Winterrowd, as building inspector of the City of Indianapolis, and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Roemler & Chamberlain* and *Smith, Duncan, Hornbrook & Smith*, for appellant.

*Frederick E. Matson, Crate D. Bowen, James D. Peirce, J. E. Iglehart* and *Linton A. Cox*, for appellees.

MONTGOMERY, J.—This is a proceeding for a peremptory writ of mandamus to compel appellee Winterrowd, as building inspector of the city of Indianapolis, to approve certain plans for an apartment house and to issue a permit for its erection in said city. Appellees waived the issuance of an alternative writ, appeared and filed a demurrer to the petition, on the ground that the facts therein stated were insufficient to constitute a cause of action. This demurrer was sustained, and, appellant declining to amend, final judgment was rendered in favor of appellees. The only error assigned is the sustaining of appellees' demurrer to the complaint.

The complaint averred that on April 20, 1909, the city of Indianapolis had a population of more than one hundred thousand inhabitants, according to the last preceding census of the United States; that Thomas A. Winterrowd then was and still is the duly appointed, qualified and acting building inspector of said city; "that under and by virtue of a certain ordinance duly passed by the common council of said city, and approved by the mayor thereof, now and for many years last past in full force and effect therein, entitled, 'an ordinance providing for all matters concerning, affecting or relating to the construction, alteration, repairs or removal of buildings, structures and appurtenances thereof, erected and to be erected in the city of Indianapolis, Indiana,' said Thomas A. Winterrowd, as such building inspector, is authorized and required to examine and inspect the plans for all buildings proposed to be erected in said city, and, in the event he shall approve said plans, is to issue to the person so presenting said plans

a license or permit to proceed with the erection of such proposed building; that by such ordinance it is further provided that it shall be unlawful for any person to proceed to erect any building in the city of Indianapolis until he shall have caused plans to be prepared for its erection, and until he shall have submitted said plans to such building inspector for his examination, and until such building inspector has approved said plans, and issued to the person proposing to erect such building his permit, as such building inspector, for the erection of said building;'' that on said date the relator was, and ever since has been and still is, the owner of a certain described lot in said city, upon which he desires to erect an apartment house, and to that end he caused certain plans for such building to be prepared and presented to said building inspector, and requested him to inspect and approve such plans, and to issue a permit authorizing the erection of the proposed building; that said plans complied in every respect with the building ordinances of the city of Indianapolis; that appellee Winterrowd examined said plans, as requested, and found and declared them to be in compliance with the building ordinances of said city, and that the designed building, if erected, would be safe, be supplied with abundant light and air, and provide commodious and convenient apartments, but he declined to approve said plans and to issue the requested building permit, because said plans did not comply with certain requirements of an act of the General Assembly of the State of Indiana, entitled ''An act relative to the construction and maintenance of tenement, lodging, and apartment houses,'' approved March 3, 1909, (Acts 1909 p. 108) in ten specified particulars. It is then averred that the legislative act heretofore mentioned is in conflict with certain provisions of the state Constitution, and of the 14th amendment to the Constitution of the United States.

It was manifestly the purpose of appellant's counsel to

invoke the judgment of the courts upon the constitutional validity of the tenement, lodging and apartment house law of this State, approved March 3, 1909. The constitutional question has been fully and ably briefed, and we have no inclination to evade or postpone its decision, but, upon mature consideration, have concluded that the question is not properly presented for decision in this proceeding.

It is provided by statute in this State that "writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance 1. of an act which the law specially enjoins, or a duty resulting from an office, trust, or station." §1225 Burns 1908, §1168 R. S. 1881.

Appellee's counsel challenge the sufficiency of the allegations of the complaint to show a legal right in the relator to the thing demanded, and a clear duty on the part of 2. the building inspector to do the act requested. The allegations of the complaint respecting the provisions of the city ordinance, and the plans submitted for approval, are indefinite and faulty; but waiving these defects, we are of the opinion that the writ was rightly denied by the trial court. The writ of mandamus was originally of a high prerogative character, and in no sense a writ of right. The writ is authorized in certain cases by statute in this State, as heretofore shown, but it has always been regarded as an extraordinary one, and, in a sense, discretionary. Relief by writ of mandamus may be had only in the absence of any other adequate remedy. The issuance of the writ is justifiable only in favor of a petitioner who shows a clear legal right to the thing demanded, and an imperative duty on the part of the respondent to do the act required. *State, ex rel.,* v. *Cummins* (1908), 171 Ind. 112; *City of Auburn* v. *State, ex rel.* (1908), 170 Ind. 511; 19 Am. and Eng. Ency. Law 725; 26 Cyc. 151.

Courts have generally been unwilling to extend the operation of this writ, and its use has been kept within its own

narrow limits. It will be denied, when the object sought is an adjudication upon some question or right which may as well be settled in an ordinary action or according to usual procedure. In other words, this form of proceeding cannot be employed to adjudicate and establish a right or define and impose a duty, but only to enforce an existing legal right and the performance of a duty specifically enjoined.

Conceding that the terms of the building ordinance of the city of Indianapolis required appellee to approve the plans submitted, the complaint discloses that a statute of this State prohibits the erection of a building in accordance with such plans. The statute is paramount, and it is elementary that a municipal ordinance, so far as it conflicts with the statute law is void. The relator is not asserting a clear legal right, but merely a claim of right which he is seeking to have the courts in this action establish by striking down a legislative enactment prohibiting the thing which he desires to do. The respondent was not requested to perform a duty enjoined by law, but to do an act in plain disregard of the provisions of a public statute, which it is the duty of every officer and citizen to obey until repealed or judicially overthrown. It was not the province of appellee as building inspector to pass upon the constitutional validity of the statute, but his duty was unquestionably to obey its mandates. The alleged neglected duty is not clear and plain, but will only appear in case the courts first establish the supremacy of the municipal ordinance over the statute by declaring the latter invalid and void. The duty charged to appellees, the performance of which is sought to be enforced herein, is not enjoined by law, preëxistent and imperative, but must in this proceeding be created, ascertained and imposed. The validity of an objectionable statute should be litigated in an appropriate civil action between adversary parties, and, in

our opinion, a petitioner for a writ of mandamus may not require the court to declare such statute unconstitutional in that proceeding as a condition precedent to the issuance of the writ demanded. *State, ex rel.,* v. *Commissioners, etc.* (1886), 18 Neb. 506, 26 N. W. 315; *Maxwell* v. *Burton* (1880), 2 Utah 595; *State, ex rel.,* v. *Hagood* (1888), 30 S. C. 519, 9 S. E. 686, 3 L. R. A. 841; *Ex parte Lynch* (1881), 16 S. C. 32, 40; *People, ex rel.,* v. *Stephens* (1866), 2 Abb. Prac. N. S. 348; *Wright* v. *Kelley* (1895), 4 Idaho 624, 43 Pac. 565; *People, ex rel.,* v. *Supervisors, etc.* (1862), 20 Cal. 591; 2 Spelling, Injunctions §1443; 26 Cyc. 156; 19 Am. and Eng. Ency. Law 763.

In the case of *Wright* v. *Kelley, supra,* the supreme court of Idaho declared mandamus to be not only an extraordinary, but, in some respects, a summary remedy, and that it cannot be made an instrument for giving a court jurisdiction of litigation on collateral matters, in an irregular way; and that the writ will not be granted to test collateral questions or the validity of an act of the legislature.

The supreme court of New York, in the case of *People, ex rel.,* v. *Stephens, supra,* held "that it is rarely, if ever, proper to award a mandamus in a case in which it can only be done by declaring an act of the legislature unconstitutional. That should be done in a more solemn mode of adjudication, upon a full trial, and not on an ordinary motion."

In the case of *Ex parte Lynch, supra,* the supreme court of South Carolina said: "That can hardly be considered a duty 'certain' and allowing of 'no discretion,' which can only be made to appear by ignoring the law as it stands." The same court in the case of *State, ex rel.,* v. *Hagood, supra,* said: "We have seen that mandamus only lies for the enforcement of a plain ministerial duty, but it is not obvious how that can be a plain duty which is only made to appear by declaring an act of the legislature unconstitutional. It is not the province of the board of agri-

culture to determine the constitutionality of laws, defining its own powers; nor will the courts, upon summary · proceedings in mandamus,. determine as to the constitutionality of statutes affecting the rights of third persons.''

In the case of *Maxwell* v. *Burton, supra,* the supreme court of Utah said: ''We find that there is a law on our statute books in reference to registration, compelling the respondent to do what we are now asked to compel him to undo.   We cannot, for the purpose of this proceeding, inquire into its validity.''

In the cases of *Brooks* v. *State, ex rel.* (1904), 162 Ind. 568, and *State, ex rel.,* v. *Robins* (1905), 71 Ohio St. 273, 73 N. E. 470, 69 L. R. A. 427, and others that we have examined, the courts, without challenge or question of their right in that behalf or of the propriety of so doing, proceeded to determine the constitutionality of a legislative act preliminary to the issuance of a writ of mandamus. These cases are not regarded as decisive authority contrary to our conclusion and the holdings in the cases before cited.

It seems to us a manifest hardship to impose upon a petty ministerial officer the burden of determining, at his peril, and defending the validity of a law which he is required and willing to obey.   He may have no personal interest in the law assailed and be provided with no means to make a defense for the benefit of others.   We, conclude, therefore, that the relator in this proceeding cannot require the court to pass upon the constitutionality of the act called in question, and that no error appears in sustaining appellees' demurrer to his complaint.

The judgment is affirmed.

State, ex rel., *v.* Winterrowd—174 Ind. 592.

## ON PETITION FOR REHEARING.

MONTGOMERY, J.—Appellant's learned counsel, in support of the petition for rehearing, earnestly contend that this court should consider and pass upon the constitutional question submitted, regardless of the nature of the action. This argument should be addressed to the legislature rather than to the court. Under the prevailing practice, the validity of a statute will only be determined when properly presented in a *bona fide* controversy between adversary parties. Counsel correctly understand the use of the writ of mandamus as anciently issued from the Court of King's Bench in England, which was "to prevent a failure of justice, and for the execution of the common law, or of some statute, or of the King's Charter." This writ was accordingly used, by that high court in its discretion, where the law had established no specific remedy, and where, in justice and good government, there ought to be one. Counsel cite with confidence the case of *Welch* v. *Swasey* (1907), 193 Mass. 364, 79 N. E. 745, 23 L. R. A. (N. S.) 1160, 118 Am. St. 523, as an apt authority for their contention. The subject-matter involved in the two cases is quite similar, but the law and the practice governing the issuance of writs of mandamus in Massachusetts and in this State are dissimilar. In that state the writ is issued only by the supreme court, the highest court of law in the commonwealth, whose powers and duties in this respect are as extensive as the Court of King's Bench. The statutes which define its jurisdiction declare: "The court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein, *where no other remedy is expressly provided,* and may issue writs of error, *certiorari,* mandamus, prohibition, *quo warranto,* and all other writs and processes to courts of inferior jurisdiction, corporations, and individuals, necessary to the furtherance of

justice and the regular execution of the laws." Public Stat. 1882 (Mass.) 831. It seems apparent to us that that case is without weight in the pending controversy.

Counsel assume that in this State resort may be had to a proceeding by mandamus where no other adequate remedy is apparent. This is not correct, but authority to 2. issue the writ is restricted to "the performance of an act which the law specially enjoins, or a duty resulting from an office, trust or station." The writ will be issued, within the limitations of the statute, as a matter of right, in favor of a petitioner who shows a clear legal right to the thing demanded and an imperative duty on the part of the respondent to do the act required, in the absence of any other adequate remedy. This court cannot legislate so as to authorize circuit courts to extend relief through this writ, where neither law nor usage sanctions such practice.

In the citation of authorities, counsel fail to distinguish between cases in which the respondent asserts the unconstitutionality of a statute in excuse of nonperform- 3. ance of its requirements, and those in which the relator seeks to compel performance of an act which the law prohibits. This court has permitted respondents in mandamus proceedings to raise constitutional questions, although it does not well accord with public policy to allow ministerial officers to obstruct the administration of law, by refusing to execute such statutes as they may deem invalid, and many courts decline to tolerate such practice. It is quite a different thing to hold that such an officer must, at his peril, disobey the specific commands of a law duly enacted and promulgated, at the behest of any one who may be of opinion that such law is unconstitutional. The proper function of mandamus is to enforce obedience to law, and not disobedience, or even to litigate its validity.

The case of *Parker* v. *State, ex rel.* (1892), 133 Ind. 178, 18 L. R. A. 567, is cited as an authority for this proceed-

ing. The plaintiff in that case sought and obtained an injunction, as well as a writ of mandamus, and the right to determine the constitutionality of the statute involved, preliminary to the issuance of the writ, was not questioned nor considered by the court.

We have given this matter full and careful consideration, both originally and in review, and are clearly of the opinion that we cannot disturb the action of the lower court.

The petition for rehearing is overruled.