S. F. Bowser and Company, Incorporated, et al.
*v.* State of Indiana, ex rel. Hines.

[No. 23,914.   Filed November 14, 1922.]

1. CORPORATIONS.— *Stock Book.— Right of Owner's Agent to Examine.—Statutes.*—Where corporate stock is in fact owned by an employer, although registered in the name of an agent, the agent is not the real party in interest, and would not, therefore, be entitled to inspect the corporation's stock book and take extracts from it, under §4054 Burns 1914, §3010 R. S. 1881, requiring that the list of corporate stockholders shall be kept subject to the inspection of creditors, stockholders, or their representatives. p. 466.

2. CORPORATIONS.—*Stock Book.—Right of Assignor of Stock to Examine.—Statutes.*—An assignor of corporate stock, though registered as owner on the books of the corporation, is not

entitled to inspect and take extracts from the stock book under §4054 Burns 1914, §3010 R. S. 1881, requiring that the list of corporate stockholders shall be kept subject to the inspection of creditors, stockholders, or their representatives, the assignor not being the real party in interest.  p. 466.

3. ASSIGNMENTS.—*Assignee of Corporate Stock.*—*"Real Party in Interest."*—*Statutes.*—An assignee of corporate stock, to whom the entire beneficial interest in the shares had been transferred by an equitable assignment which needed only a presentation of the certificates to the corporation for transfer in order to convey the legal title, was the real party in interest in an action with relation to such stock, within §251 Burns 1914, §251 R. S. 1881, requiring every action, with certain exceptions, to be prosecuted in the name of the real party in interest.  p. 466.

4. CORPORATIONS.—*Stock Book.*—*Examination by Stockholder.*—*Identification.*—*Statutes.*—Under §4054 Burns 1914, §3010 R. S. 1881, requiring that the list of corporate stockholders shall be kept subject to the inspection of creditors, stockholders, or their representatives, who shall be permitted to take extracts therefrom, a corporation is not required to permit the agent of one who claimed to be a stockholder, but who was not identified as such, to inspect the stock book of the company.  pp. 466, 469.

5. MANDAMUS.—*Right to Writ.*—*Enforcement of Clear Legal Right.*—Mandamus is an extraordinary remedy which can be invoked only to enforce a clear legal right of the plaintiff, and, if the right is doubtful, it must be first established in some other form of action, as mandamus will not lie to establish as well as enforce a claim of uncertain merit.  p. 468.

6. PLEADING.— *Reply.*— *Departure.*— *Action in Mandamus.*— In an action to mandate a corporation to permit a stockholder to inspect its stock book, defended on the ground that the stock issued in relator's name was preferred stock subject to redemption upon the giving of notice, and that such notice had been given and redemption money tendered, a reply alleging that the corporation had committed certain acts subsequent to the commencement of the action which constituted a waiver of the right to redeem such stock under the notice given *held* demurrable; such reply being a departure.  p. 469.

7. PLEADING.— *Reply.*— *Pleading Facts Occurring after Commencement of Action.*—A defense set up in answer to the cause of action alleged in the complaint cannot be avoided by pleading facts which occurred after the suit was commenced, giving rise, in whole, or in part, to a new cause of action for the same or similar relief.  p. 469.

8.  MANDAMUS.— *Right to Writ.— Relief Granted only upon Grounds Stated in Complaint.*—In an action to mandate a corporation to permit relator to inspect the stock book under §4054 Burns 1914, §3010 R. S. 1881, the relator, having based his right to such relief under the statute as a stockholder, could not recover upon the ground that he was entitled to inspect the stock book as a creditor. p. 470.

9.  JUDGMENT.—*Recovery Limited to Cause of Action Stated in Complaint.*—A party cannot recover upon a cause of action not stated in his complaint, regardless of what may appear from the answer and reply. p. 470.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by the State of Indiana, on the relation of John A. Hines, against S. F. Bowser and Company, Incorporated, and others. From a judgment for relator, the defendant appeals. *Reversed.*

*Vesey & Vesey,* for appellants.
*Arthur W. Parry,* for appellee.

EWBANK, J.—Appellee relator filed his complaint on April 10, 1920, alleging that he was the owner of two shares of the capital stock of the defendant corporation, free from all equity or interest of others, and that during business hours, on March 12, 1920, he had applied at the office of the appellant company to its secretary, the appellant Grosvenor, for permission to examine its stock book, and to make a copy of extracts from its list of stockholders, but had been refused; that such demand was made by his agent authorized to make such examination on his behalf. The court was asked to grant a writ of mandamus to enforce his right to such inspection.

Appellants filed an answer of five paragraphs: First, a denial. Fourth, that the two shares of stock issued in appellee's name were preferred stock, subject to redemption at par, with interest at six per cent. per annum, on the first day of January or July of any year,

after six months' notice, and that such notice had been given in December, 1919, of redemption to be made July 1, 1920, and that on March 16, 1920, before suit was begun, the appellant company had tendered to the relator the redemption money for such stock, in gold.

A demurrer to said fourth paragraph of answer was overruled, but demurrers were sustained to each of the second, third and fifth paragraphs, and appellants excepted. A paragraph of denial and also a second and third paragraph of affirmative reply were filed to the fourth paragraph of answer. The second alleged that in June, 1920, after this action was commenced, the appellant company did certain acts relied on as constituting a waiver of its right to redeem appellee's shares of stock under the notice given. A demurrer to this paragraph of reply was overruled, and appellants excepted, while a demurrer to the third paragraph of reply was sustained.

Upon proper request the court made a special finding, on which it stated conclusions of law, to each of which appellants excepted. It then rendered a judgment commanding appellants to submit the stock books and lists of stockholders to appellee or his authorized agent for inspection and copying, and that appellants should pay the costs. A motion for a new trial by appellants was overruled and they excepted.

The first alleged errors complained of are sustaining appellees' demurrers to each of the second and third paragraphs of answer. The substance of each of these answers was that the stock for which appellee held the certificate, and which he claimed to own, really belonged to another man living in Massachusetts, who transferred it into the name of appellee without consideration, and to whom appellee reassigned the stock certificate, and that appellee had no interest in the stock,

but held it as a bare trustee for such other person, and was not the real party in interest in this action.

If appellee really did not own any stock, but the two shares which were registered in his name belonged to his employer or another to whom he had assigned them, then his assignee, and not appellee, would be the real party in interest, entitled to inspect the stock book and take extracts from it. *Murray* v. *Walker* (1913), 156 Ky. 536, 161 S. W. 512.

The assignee, to whom the entire beneficial interest in the shares had been transferred by an equitable assignment which needed only a presentation of the certificate to the corporation for transfer in order to convey the legal title, was the real party in interest in an action with relation to the stock so assigned. *Board* v. *Jameson* (1882), 86 Ind. 154, 165.

Every action must be prosecuted in the name of the real party in interest, with certain exceptions which do not embrace appellee, under the facts alleged. §251 Burns 1914, §251 R. S. 1881. Even in California, where the statute originally enacted was construed as giving the right of inspection to a mere trustee, it has been found necessary by an amendment of the statute to limit the right to *bona fide* owners of stock. *Webster* v. *Bartlett Estate Co.* (1917), 35 Cal. App. 283, 169 Pac. 702.

It was error to sustain the demurrer to each of the second and third paragraphs of answer.

Appellants next complain of the ruling by which a demurrer was sustained to the fifth paragraph of answer. The substance of this paragraph was that a certificate for two shares of stock had been issued to "John A. Hines," and was sent by mail to him at Lynn, Massachusetts; that appellants and the officers of appellant company did not know him personally, nor know his handwriting, nor have any means of identify-

ing the same, and his alleged agents who demanded leave to inspect the books admitted to appellants that they did not know him nor his signature, and that they had no personal knowledge as to the relator owning any stock, and did not know of their own knowledge that the person who had authorized them to make the demand for inspection was such owner; that appellants sent their attorneys to Boston, where they called upon the Mr. Hines on whose behalf the demand was made, and inquired of him about the certificate of stock, when he told them he had nothing to do with it, but that his employer had charge of the matter; that said employer, on inquiry of him, said that he did not have the stock certificate but his attorneys did, and that they then called on said attorneys, who were unable to produce the stock certificate, and did not do so; that by reason thereof the relator did not identify himself sufficiently as the owner of the stock, entitled to inspect the books. This paragraph is not a model of good pleading. But when appellee's alleged agent came to the office of the corporation, asking to inspect its list of stockholders, the corporation and its secretary had the right to insist upon the principal being identified as a stockholder. And the mere fact that one "John A. Hines," of Lynn, held a certificate of stock, and that the person claiming to be his agent had credentials purporting to bear the signature of "John A. Hines," of Boston, was not a sufficient identification, where neither the secretary nor any other officer of appellant corporation, nor the one assuming to represent the stockholder, was acquainted with such stockholder nor with his handwriting. And where appellee, though a stranger living in a distant state, on being questioned, did not produce his stock certificate, nor account for it in a manner that could be verified on inquiry, appellants did not lay themselves

liable to an action and the payment of costs by refusing to exhibit the stock book until appellee should be shown, by reasonable identification, to be a stockholder.

The statute requires only that the list of stockholders shall be kept "subject to the inspection of creditors, stockholders, or their representatives, who shall be permitted to take extracts from the same." §4054 Burns 1914, §3010 R. S. 1881.

The secretary of the corporation could not be required, under the statute, to open its books for inspection until reasonably assured that the person asking to inspect them represented an owner of stock or an actual creditor.

Another section of the act above cited (§4055 Burns 1914, §3011 R. S. 1881) provides that for refusal to exhibit the required list of stockholders the company so refusing shall be subject to a forfeiture, both in favor of the injured party and the state; and it has been adjudged that no penalty can be incurred because of a refusal unless the person on whom demand for inspection of the book containing such list was made knew the person making it was entitled to examine the book, or was furnished satisfactory evidence of that fact. *Williams* v. *College Corner, etc., Co.* (1873), 45 Ind. 170.

Mandamus is an extraordinary remedy, which can only be invoked to enforce a clear legal right of the plaintiff. If the right is doubtful, it must be first 5. established in some other form of action. Mandamus will not lie to establish as well as enforce a claim of uncertain merit. *State, ex rel.,* v. *Winterrowd* (1910), 174 Ind. 592, 595, 91 N. E. 956, 92 N. E. 650; *State, ex rel.,* v. *Board, etc.* (1903), 162 Ind. 580, 603, 68 N. E. 295, 70 N. E. 373, 984.

And until and unless the corporation and its secretary knew or were given reasonable assurance that the person on whose behalf a demand was made for inspec-

tion of its books was really a stockholder or creditor, it might lawfully refuse the demand without becoming liable to an action. It was error to sustain a demurrer to the fifth paragraph of answer.

Appellants next complain that the court overruled their demurrer to the second paragraph of appellee's reply. Almost one-half of the special finding of facts consists of a recital of what is alleged in this paragraph. In substance those facts are that in June, 1920, long after appellee had brought this suit, the appellant corporation wrote certain letters and signed a certain agreement by which it waived or surrendered a cause of defense relied on which both appellants had in April, at the time the action was commenced. Obviously this was a departure. Appellee's action is grounded upon alleged rights which he claims to have had on April 10, 1920, because of a demand on March 12, and the refusal by both appellants of that demand. Unless he had that right he must fail. If he acquired a new right as against one of the appellants in June, because of what was done then, he might have made a new demand, and upon refusal of that demand perhaps he might have had a new cause of action, so that he could maintain a new suit commenced after the new cause arose. But a defense set up in answer to the cause of action alleged in the complaint cannot be avoided by pleading facts which occurred after the suit was commenced, giving rise, in whole, or in part, to a new cause of action for the same or similar relief. *Teal* v. *Langsdale* (1881), 78 Ind. 339, 342; *Shaw* v. *Jones* (1901), 156 Ind. 60, 62, 59 N. E. 166; *Midland Steel Co.* v. *Citizens' Nat. Bank* (1901), 26 Ind. App. 71, 78, 59 N. E. 211; *Federal Life Ins. Co.* v. *Barnett, Admx.* (1919), 71 Ind. App. 613, 635, 125 N. E. 522.

The second paragraph of reply was a departure which had no tendency to avoid the defense pleaded in the

answer, and the demurrer to it should have been sustained.

Appellee insists that, notwithstanding notice may have been given to him in December that his shares would be redeemed on the first of July, as alleged in the fourth paragraph of answer, he was still a creditor of the corporation for the face value of his stock, with interest, when demand was made for an inspection of the list of stockholders, in March, and as such creditor had the statutory right of inspection. It is enough to say in answer to this that his complaint did not allege he was a creditor, nor state facts showing that he ever had or claimed or was denied any rights as a creditor. And a party cannot recover upon a cause of action not stated in his complaint, whatever may appear from the answer and reply.

Appellants insist that, even though there had been no notice given to appellee that his shares were called for redemption, and no tender had been made of the redemption money, he would not have been entitled to an inspection of the books of the corporation because he held only "preferred" stock, which gave him no right to vote. No authorities are cited in support of this contention, and the only reason suggested is that preferred stock and holders of such stock were unknown to the law at the time the statute was enacted giving "stockholders and creditors" the right of inspection. However, the complaint alleged only that appellee was the "owner and holder of two shares of the capital stock" of the corporation, without stating that it was preferred stock, and there was no paragraph of answer challenging his alleged right as the holder of preferred stock that had not been called for redemption. Therefore we decide nothing as to the point suggested. Counsel have discussed at great length the question how far the court, in its discretion, may go in refusing a writ of mandamus

asked in aid of a wrongful purpose or design, and how far the granting or denial of this extraordinary remedy is controlled by the sound legal discretion of the court. But the question does not arise upon the record and we must decline to pass upon it.

Such further questions as arise upon the exceptions to the conclusions of law and the motion for a new trial may not come before the court on a second trial.

The judgment is reversed, with directions to overrule the demurrers to each of the second, third and fifth paragraphs of the answer, and to sustain the demurrer to the second paragraph of reply, and for further proceedings not inconsistent with this opinion.