Antonio Pasalacqua, demandante y apelado, *v.* Ramón María
Ramos y Artemia Rolón, demandados y apelantes.

No. 3424.—*Visto:* Febrero 3, 1925. *Resuelto:* Abril 29, 1925.

1. Divorcio—Deudas Contraídas Después de Entablado el Pleito.—Una deuda
   contraída por una parte sin el consentimiento de la corte después de entablado

pleito de divorcio no constituye una carga a los bienes gananciales, y la desestimación del pleito no hace válida dicha deuda; por consiguiente, cuando un esposo después de entablar acción de divorcio otorga un pagaré y posteriormente se desestima su acción y su esposa radica un nuevo pleito sobre divorcio y obtiene sentencia, los bienes gananciales no responden del importe del pagaré.

SENTENCIA de *R. Díaz Cintrón*, J. (Ponce), declarando con lugar la demanda, con costas. *Confirmada y revocada en parte.*

*Carlos Brunet del Valle*, abogado de los apelantes; *Manuel A. Rivera*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este pleito envuelve la interpretación del artículo 169 del Código Civil, el cual es como sigue:

"Sec. 169.—From the day proceedings in a suit for divorce are begun, no debt contracted by the husband on occount of the community property shall be valid, unless authorized by the court."

El texto español del mismo es así:

"Art. 169.—Desde el día en que el procedimiento de divorcio se inicie judicialmente, no será válida ninguna deuda contraída por el marido o por la mujer sin la autorización del tribunal, a cargo de los bienes gananciales."

Examinando estos dos textos conjuntamente significan que las deudas de ninguno de los esposos constituirá una carga a los bienes gananciales sin la autorización de la corte. En este caso, después de presentada una demanda de divorcio por el marido, éste otorgó un pagaré para recobrar el cual se ha establecido la presente acción. Este pleito del marido fué desestimado por la corte. Posteriormente y después del vencimiento del pagaré la esposa presentó una acción de divorcio y obtuvo sentencia contra su marido. En el presente caso la demanda fué radicada contra ambos el marido y la mujer y la sentencia dictada contra ambos.

El artículo 169, por sus términos, no hace referencia a acciones establecidas después de incurridas las obligaciones. Por tanto, como la esposa resolvió no preséntar siquiera

una contrademanda, sino comenzar una acción independiente, no podía ella reclamar el beneficio del artículo 169 por razón de la acción establecida por ella.

Sin embargo, el artículo 169 es estrictamente aplicable a la acción establecida por el marido y que estaba pendiente cuando esta obligación fué contraída por él. Está bien establecido que la legislatura puede fijar términos a las obligaciones que han de ser contraídas en el futuro. *McGannon* v. *Michigan Mutual Millers' Fire Insurance Co.,* 127 Mich. 636, 54 L.R.A. 739; *Small* v. *Hammes et al.,* 156 Ind., 60 N.E. 342; 12 C.J. 1067, nota 65. El artículo 169 es universalmente aplicable a obligaciones contraídas después de establecida una acción y, cuando la ley no establece distinción, no debemos establecer ninguna.

La corte inferior creyó que la desestimación del pleito iniciado por el marido hizo innecesaria la aplicación del artículo 169, *supra,* pero nada encontramos en el texto que justifique esta deducción.

El pagaré suscrito por el marido en este caso era obligatorio para él solamente. Por tanto la corte incurrió en error al dictar sentencia en contra de la esposa, que ahora está en posesión de todos sus derechos (*sui juris*) por la sentencia de divorcio. *La sentencia contra el esposo debe subsistir con el entendimiento de que no ha de ser ejecutada contra los bienes gananciales como tales. Debe ser revocada la sentencia en cuanto a la esposa y así se ordena.*