## Posey, et al. v. The Continental Insurance Company.

(Decided October 3, 1912.)

### Appeal from Ballard Circuit Court.

1. Evidence—Where Circuit Court Excludes—Appeal—Exception to Exclusion.—Where the circuit court excludes testimony offered by a party on the trial, the matter cannot be considered on appeal unless the ruling of the court is excepted to. It is not sufficient that an avowal be made of what the witness would state; there must also be an exception to its exclusion.

2. Same—When Jury Should Be Instructed to Find For Defendants. —Where there is no evidence to sustain the plaintiff's claim the jury should be instructed to find for the defendant, and the ruling of the court cannot be ground of reversal, though the court excluded evidence, which if admitted, would have made out the case, there being no exception to the exclusion of the evidence.

CLAY & CLAY for appellants.

OLIVER & OLIVER, BATES, HARDING and EDGERTON & BATES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The appellants brought this suit against The Continental Insurance Company, alleging in their petition that the company had, by a parol contract, insured a frame store-house and stock of goods and fixtures belonging to them, in the sum of seventeen hundred and fifty ($1,750) dollars, for one year from the fourteenth day of September, 1909, at noon, and that the property burned that night.

The company filed an answer denying the allegations of the petition. The case came on to be heard before a jury; the court, at the conclusion of the evidence, instructed the jury peremptorily to find for the defendant and the plaintiffs' petition having been dismissed, they appeal.

The plaintiff introduced on the trial, W. E. Pritchett and G. E. Pritchett and asked each of them in substance, what was the agreement between them and the defendant's agent. The defendant objected to the question. The objection was sustained by the court and the plaintiffs avowed that the witness, if permitted to answer, would state, in substance, that it was agreed

and understood between the witness and the agent that the insurance began at noon on the fourteenth day of September, 1909; that the trade was closed then with the agent finally; that the witness offered to pay the premium, but the agent declined to accept same; that he said he had other insurance in the neighborhood and that he. would deliver the policy in ten days and they could then pay the premium. Although this avowal was made, as to what the witness would state, there was no exception taken to the ruling of the court in excluding the evidence. There being no evidence before the jury that a parol contract was made, the court's instruction to the jury to find for the defendant was proper. The only question really made on the appeal is that the court erred in excluding the evidence offered by the plaintiffs to make out their case, but this error cannot be considered as there was no exception reserved to the ruling of the court. When testimony is offered and the court sustains an objection to the testimony an exception must be reserved to the ruling of the court. It is not sufficient that an avowal alone be made as to what the witness would state. There must be an exception to the ruling of the court and in addition an avowal of what the witness would state. (L. & N. R. R. Co. v. Graves, 78 Ky., 34; Garrot v. Ratliff, 83 Ky., 384; Crabb v. Larkin, 9 Bush, 154; Potts v. Bowler, 1 Ky. opin., 134; Ford v. Crockett, 1 Ky., opin., 382.

Judgment affirmed.