## HEREFORD v. COOMBS.

Court of Appeals of Kentucky.
Dec. 5, 1952.

William G. Reed, Carrollton, for appellant.

Harlan Heilman and J. L. Donaldson, Carrollton, for appellee.

WADDILL, Commissioner.

This appeal is prosecuted by the administratrix of the estate of Casper Oak from a judgment entered upon a directed verdict in favor of the appellee, Sherman Coombs.

The suit arises out of a collision between automobiles operated by Casper Oak and Sherman Coombs. The accident occurred on Highway No. 55, near Carrollton, Kentucky, on February 28, 1950, at about 10:00 a. m. It had been raining and the sky was overcast with clouds.

Prior to the collision the automobile driven by Coombs was traveling in a northwardly direction, toward Carrollton, and the car operated by Oak was approaching Coombs from the direction of Carrollton. When these automobiles attempted to pass, they collided and both drivers were injured. Mr. Oak died shortly thereafter from injuries received. There were no witnesses to the accident other than the operators of the two vehicles.

Appellee testified that upon completing a curve in the road he saw, about 60 feet ahead, an automobile on his side of the road with two wheels on the shoulder and the driver slumped down over the steering wheel. Appellee sounded his horn, whereupon Oak raised up and accelerated his car, traveling diagonally across the road in front of appellee. The left front part of each car was demolished by the collision of the two automobiles.

A State Patrolman, Albert Scott, who investigated the accident, testified that by observing and comparing the tracks of Oak's car with those on the road, he could tell that the Oak car had been driven on the east side of the road and had traveled in approximately the course testified to by appellee, prior to the collision.

The testimony for appellant is by persons who arrived upon the scene shortly after the collision and by others who made an investigation of the scene of accident. This testimony is based upon observation made at the time concerning the position of the automobiles and certain marks left in the road by the left front wheel rim of appellee's car from the point of impact to the point where that vehicle stopped. It is uncontradicted that the "rim mark" referred to ran for ten or twelve feet from a point on the east side of the road across the center to a point on the west side. These physical facts place the point of impact on the east side of the road, thereby substantiating the testimony of appellee.

At the conclusion of all the proof the court directed a verdict in favor of appellee. Appellant contends that the court erred in refusing to admit certain evidence and in sustaining appellee's motion for a directed verdict.

The evidence refused was a statement made by the deceased to Pete Sanders, the first person to arrive at the scene of the accident, and which appellant contends was admissible under the res gestae rule. The

statement made by deceased was that appellee's car "was on the wrong side."

We cannot review this matter on appeal as counsel did not except to the court ruling sustaining appellee's objection to the testimony. Posey v. Continental Ins. Co., 149 Ky. 631, 149 S.W. 984.

"* * * When testimony is offered and the court sustains an objection to the testimony, an exception must be reserved to the ruling of the court. It is not sufficient that an avowal alone be made as to what the witness would state. * * *"

In this case we have the uncontradicted testimony of appellee that the accident happened on his side of the road and was caused by Oak's car being driven on the wrong side of the road. This testimony is substantiated by the State Patrolman and the physical fact of the "rim marks."

█ The testimony for appellant is purely conjectural, except for that part concerning certain marks on the road. It is apparent that the vehicles came together on appellee's right side of the road and that the impact damaged the left front wheel of appellee's car causing it to travel forward a few feet before coming to rest slightly over the center of the road. The conjecture on part of appellant's witness that the car of appellee could "bounce back" after striking Oak's car is contrary to the physical laws and to common knowledge and experience.

In the case of Silver Fleet Motor Express v. Wilson, 291 Ky. 509, 165 S.W.2d 48, 51, the court discussed the importance of physical facts as follows:

"We have frequently refused to say that the resulting condition of colliding vehicles, road marks, and other similar physical evidences of the manner in which a collision occurred were, of themselves, sufficient to overcome oral testimony of actual witnesses to the contrary. Southern Oxygen Company v. Martin, 291 Ky. 238, 163 S.W.2d 459; Silver Fleet Motor Express v. Casey, 288 Ky. 233, 155 S.W.2d 863; Union Underwear Co. v. Barnett, 285 Ky. 488, 148 S.W.2d 339. In other cases we have held that where the physical facts pointed so unerringly to the actual causes of the collision as to leave no room for a contrary determination, a verdict embodying such determination would be set aside as unsupported by the evidence. * *"

We must conclude, therefore, that the conjecture on the part of appellant's witnesses, arrived at from the location of the automobiles after the collision and from the scene in general, is not sufficient to overcome the testimony of appellee. This is particularly true when the physical facts indicate that appellee's testimony was true.

Appellant contends that had appellee kept a lookout ahead or had he kept his vehicle under control, he could have avoided the collision. The evidence does not show that appellee was guilty of negligence. He testified that he was traveling at about 30 miles per hour on his side of the road and that upon observing the vehicle of Oak on his (appellee's) side of the road, he blew his horn and applied the brakes. This testimony is uncontradicted.

In Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877, we held that when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but should direct a verdict for the defendant.

We agree with the trial court that the evidence offered by appellant could not support a verdict, if returned, and that a directed verdict was proper.

Judgment affirmed.