Thurlow **LOGSDON**, Appellant,

v.

**HUSMANN & ROPER FREIGHT LINES,** Inc., Appellee.

No. 12425.

United States Court of Appeals Sixth Circuit.

Dec. 13, 1955.

Theodore Wurmser, Louisville, Ky., Ben T. Cooper, Mayer, Cooper & Kiel, Louisville, Ky., on brief, for appellant.

Gladney Harville, Lexington, Ky., R. W. Keenon, John L. Davis, Lexington, Ky., on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

The jury in the District Court returned a verdict in favor of appellant suing as administratrix of the estate of her husband, and the District Court sustained appellee's motion for a judgment notwithstanding the verdict. The sole question presented in this appeal is whether the District Court committed reversible error in sustaining this motion.

The case arises out of an automobile accident which occurred at about 1:30 in the morning on October 2, 1953. Appellant's intestate, Harlan Logsdon, a driver for Killion Motor Express, was operating a truck on Route 50 near Noble, Ill., driving west. Appellee's truck, driven by Roger Johnson, was traveling east on the same route. A collision occurred in which Harlan Logsdon was killed.

Johnson, driver of the Roper truck, testified as follows: He saw a vehicle about a mile away driving west toward him. When the two trucks were about 500 yards apart each driver flashed his lights to show that he was "running on dim." The next thing Johnson noticed was the Killion truck coming across the line toward him at a distance of about 100 yards. At that time Johnson was on the right-hand side of the road a foot or two from the center line. He started to go to the right to get out of the way of the Killion truck and the next thing Johnson knew they collided. Johnson's steering axle was knocked out from under the front of his truck. His left saddle tank was knocked off and found on the right-hand side of the center line of the pavement.

An Illinois state policeman investigated the accident and checked skid marks on the road with the tires of each truck. He identified as having been made by the Killion truck skid marks starting on the south side of the road, that is, the left-hand side of the road for a car driving west as Logsdon was driving. Similarly, he identified certain skid marks as made by the Roper truck and stated that these started on the right-hand side of the road, the proper side for a car driving east, and led across the highway, running beyond the pavement some 12 feet in a northerly direction. The officer said that the skid marks from each truck showed that apparently the wheels were in a cramped position. The Roper truck went across the highway east of the Killion truck, which turned over on its side and obstructed the entire highway so that traffic had to be diverted. Both trucks caught fire and were substantially destroyed.

A puddle of gasoline was found mostly on the right-hand side of the road beside the Killion truck. While there was some testimony as to a "big gouge" on the pavement it was not shown that this gouge was fresh, when it was made, or who had made it. The size of the gouge was not given and the police officer refused to state that an exhibit marked ostensibly to show the position of the gouge represented the gouge in question. While appellant contended that the gouge showed that the Killion truck was on its proper side of the road, the total absence of evidence to the effect that the Killion truck made the gouge renders this testimony useless for that purpose. The controlling question here is whether Johnson was on his right-hand side of the road, that is, the southerly half of the road. If he was, he is not liable. Gess v. Wilder, 237 Ky. 830, 36 S.W.2d 617, 618.

Johnson's story is corroborated by a disinterested witness. Some distance west of the accident the Roper truck

passed two other trucks proceeding easterly at about one-eighth of a mile from the point of the collision. The driver of the front truck testified that at the time the Roper truck passed him the lights were on and that the truck after passing returned to the right-hand side of the road.

A Greyhound bus was operating westerly at the time of the accident on Route 50 some two or two and a quarter miles to the rear of the Killion truck. The driver testified that he saw no lights on the Roper truck. A passenger of the bus said she saw the taillights of the Killion truck and that it was on the proper side of the road.

 The District Court did not err in sustaining the motion for judgment *non obstante veredicto*. Positive testimony was given in the case to the effect that the Killion truck, as shown by the skid marks, was driven to the left of the center of the highway. This was supported by a disinterested witness. The saddle tank, a metal container which was torn from the front left-hand side of the Roper truck, is designed to hold 45 gallons of gas. It was found on the right-hand side of the center of the highway. In view of the lack of testimony as to the source of the gasoline puddle its presence on the north side of the road sheds little, if any, light upon the case. The observations of the bus driver and the bus passenger of the two trucks made some two miles distant from the collision are not of sufficient probative force to require submission of the case to the jury. Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877, 883.

These conclusions are supported by the adjudications of Kentucky. Formerly it was the law of the state of Kentucky that where a scintilla of evidence was introduced on behalf of the plaintiff the case had to be submitted to the jury. But this rule was abolished in the case of Nugent v. Nugent's Ex'r, supra, in which the Court of Appeals held:

" 'When the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but should direct a verdict for the defendant.' "

Cases similar to the instant case in which recovery was denied are Union Underwear Co. v. Barnett, 285 Ky. 488, 148 S.W.2d 339; Hereford v. Coombs, Ky., 253 S.W.2d 262.

The District Court, in sustaining the motion for judgment notwithstanding the verdict, stated: "The Court is of the opinion that the verdict of the Jury in this case is not supported by substantial testimony and is based upon speculation and surmise."

Under the doctrine of the Nugent case the trial court would have been justified in directing a verdict for appellant at the trial. The only evidence claimed to require submission of the case to the jury is vague and uncertain, "not carrying the quality of proof, or having fitness to induce conviction." Henderson v. Lane, 202 Ky. 610, 260 S.W. 361, 364. It follows that the District Court was justified in entering judgment for the appellee.

The appellant cites Hoover Motor Exp. Co., Inc., v. Edwards, Ky., 277 S.W.2d 475, 478, a recent decision of the Court of Appeals of Kentucky, as authority for the proposition that the judgment herein must be reversed. The facts in the Hoover Motor Express Co. case are so distinguishable that it has no bearing here. While the court held that the testimony was sufficient to take the case to the jury, this ruling was based upon the fact, as the Court of Appeals declared, that "the facts in this case point unerringly to the conclusion that the truck was almost entirely in the wrong driving lane at the time of the collision, contrary to the statement of the truck driver * * *." Here the facts in the case support the statements of Johnson.

The judgment of the District Court is affirmed.